IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

In Re:

SYLVIA MARIE BYRNES,	Bankruptcy Court No. 20-01070-t

    Debtor.

_____

BARRY J. BYRNES,

    Appellant,

v.	Civ. No. 22-426 JCH/GBW

SYLVIA MARIE BYRNES,

    Appellee.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on review of Appellant's Opening Brief. *Doc. 13*. For the reasons explained below, the Court finds that Appellant's Opening Brief fails to comply with the requirements contained in Federal Rule of Bankruptcy Procedure 8014 and the Court's Order Setting Briefing Schedule (*doc. 10*). Therefore, the Court will order Appellant to show cause why his appeal should not be dismissed for failure to comply with an Order of this Court and applicable procedural rules.

    **I.**    **LEGAL AUTHORITY**

Federal Rule of Bankruptcy Procedure 8014(a) provides requirements for the organization and substance of briefs submitted to a United States District Court or

Bankruptcy Appellate Panel, including the following:

> (a) Appellant's Brief. The appellant's brief must contain the following under appropriate headings and in the order indicated:
>
> > . . .
> >
> > (4) a jurisdictional statement, including:
> >
> > > (A) the basis for the bankruptcy court's subject-matter jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
> > >
> > > (B) the basis for the district court's or BAP's jurisdiction, with citations to applicable statutory provisions and stating relevant facts establishing jurisdiction;
> > >
> > > (C) the filing dates establishing the timeliness of the appeal; and
> > >
> > > (D) an assertion that the appeal is from a final judgment, order, or decree, or information establishing the district court's or BAP's jurisdiction on another basis;
> >
> > (5) a statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review;
> >
> > (6) a concise statement of the case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record;
> >
> > (7) a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings;
> >
> > (8) the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies; . . . and
> >
> > (10) the certificate of compliance, if required by Rule 8015(a)(7) or (b).

Fed. R. Bankr. P. 8014(a).  In addition, The Court's Order Setting Briefing Schedule, filed

September 2, 2022, instructed the parties that "[a]ll supporting memoranda filed pursuant to this Order shall cite the transcript or record in support of assertions of fact and shall cite authority in support of propositions of law." Doc. 10 at 1 (footnote omitted).

## II. ANALYSIS

Appellant's brief fails to comply with the above-cited provisions of the Federal Rules of Bankruptcy Procedure and the Court's Order Setting Briefing Schedule (*doc. 10*). First, while Appellant's Opening Brief contains a section labeled "Jurisdictional Statement," the statement does not specify the basis for the bankruptcy court's subject-matter jurisdiction, with citations to applicable provisions and facts. *See doc. 13* at 6. Therefore, Appellant's Opening Brief is not fully compliant with Federal Rule of Bankruptcy Procedure 8014(a)(4).

Second, the "Statement of Issues" section in Appellant's Opening Brief entirely fails to include "a concise statement of the applicable standard of appellate review" for each of the issues presented, and therefore does not comply with Federal Rule of Bankruptcy Procedure 8014(a)(5). *See id.* at 6-7; Fed. R. Bankr. P. 8014(a)(5).

Third, the Statement of the Case in Appellant's Opening Brief departs from the requirements of Rule 8014(a)(6) in several respects. It is not concise, as it spans 13 pages and encompasses 18 sub-headings. *See doc. 13* at 8-20. Therefore, the Court is skeptical

that it describes only the procedural history relevant to the instant appeal, as is also required by the Rule.  *See* Fed. R. Bankr. P. 8014(a)(6).  Additionally, it does not contain appropriate references to the record as required by Rule 8014 and the Court's Order Setting Briefing Schedule (*doc. 10*).  It omits citations entirely for many of the rulings and procedural history it discusses, and the citations it does include are not to the Record on Appeal produced for this proceeding, but rather are to the dockets of various underlying proceedings.  *See, e.g., id.* at 10 (citing to "Document 1" in "Case No. 20-1071"); *id.* at 11 (citing "Bankruptcy Court Document 37"); *id.* at 12 (citing "District Court Document 22").

Fourth, Appellant's Opening Brief entirely omits a required "summary of the argument" section, as described by Rule 8014(7).  *See generally doc. 13*; Fed. R. Bankr. P. 8014(7).

Fifth, like its statement of the case, Appellant's Opening Brief's argument section is noncompliant with Rule 8014(8) and the Court's Order Setting Briefing Schedule (*doc. 10*) because some of its assertions are not followed by citations, and other assertions are followed by citations to docket numbers assigned in the underlying proceedings instead of to the Record on Appeal produced for this proceeding.  *See, e.g., doc. 13* at 26 (omitting citations to various filings and rulings referenced such as the bankruptcy judge's award of attorney fees, and elsewhere citing "Bankruptcy Court Document 85").

Appellant is warned that arguments that do not comply with the provisions of Rule 8014(a)(8) are inadequately briefed and therefore may be deemed waived. *In re Duwaik*, Civil Action No. 17-cv-00142-MSK, 2017 WL 4772819, at *3 (D. Colo. Oct. 20, 2017) (citing *In re Taylor*, 737 F.3d 670, 682 n.9 (10th Cir. 2013)).

Finally, bankruptcy appeal merits briefs filed in this District must conform to the page limitation of 27 double-spaced pages set forth in Local Rule 7.5. *See* D.N.M.LR-Civ. 1.6; D.N.M.LR-Civ. 7.5. Appellant's Opening Brief, which totals 53 pages, *see doc. 13*, nearly doubles this limit.

### III.    CONCLUSION

Pursuant to Federal Rule of Bankruptcy Procedure 8020, the Court may "award just damages and single or double costs to the appellee" if it determines that an appeal is frivolous, and may "discipline or sanction [a] . . . party appearing before it for other misconduct, including failure to comply with any court order." Fed. R. Bankr. P. 8020.

Therefore, Appellant is HEREBY ORDERED to show cause in writing **no later than fourteen (14) days from the issuance of this Order:** (1) why sanctions should not be assessed against him for his failure to comply with the Court's Order Setting Briefing Schedule (*doc. 10*) and applicable procedural rules,[1] and (2) why the Court should not

---

[1] Although Appellant is litigating his appeal *pro se*, unrepresented litigants are held to the same standards of professional responsibility as practicing attorneys and must comply with all applicable procedural rules, including the Local Rules of the United States District Court for the District of New Mexico. Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). Additionally, Appellant is a retired lawyer, *see* Bankruptcy Record on Appeal Vol. 1 at 340, and as such

dismiss his appeal on its merits due to his failure to adequately brief the arguments raised in his opening brief.  Failure to respond shall constitute an independent basis for dismissal.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

---

should be accustomed to the importance of heeding orders of the Court and applicable rules of procedure.