## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

In Re:

SYLVIA MARIE BYRNES,                          Bankruptcy Court No. 20-01070-t

     Debtor.

---

BARRY J. BYRNES,

     Appellant,

v.                                            Civ. No. 22-426 JCH/GBW

SYLVIA MARIE BYRNES,

     Appellee.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me on Appellant's Notice of Appeal and Statement of Election, *doc. 1-1*, and the Court's Order of Reference, *doc. 2*, referring this case to me pursuant to 28 U.S.C. § 636(b)(1)(B) "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Having reviewed the briefing (*docs. 13*, *17*, *18*), the applicable law, and being otherwise fully advised, I RECOMMEND that the Court AFFIRM the final judgment of the United States Bankruptcy Court for the District of New Mexico's ("Bankruptcy Court") for the reasons discussed below.

I.    BACKGROUND

The procedural history of this appeal spans more than four years and includes proceedings in the New Mexico state court system as well as in the United States Bankruptcy Court for the District of New Mexico, the United States Bankruptcy Appellate Panel of the Tenth Circuit, the United States District Court for the District of New Mexico, and the Tenth Circuit Court of Appeals.  The Court does not endeavor to provide an exhaustive overview of the proceedings that have culminated in this appeal and instead summarizes the relevant history as follows.

A.   Initiation of Adversary Proceeding No. 20-1070-t

Appellee Sylvia Marie Byrnes, Appellant Barry J. Byrnes's estranged wife, filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 2020.[1]  *See* Bankruptcy Record on Appeal ("ROA") vol. 1 at 351.  In October and November 2020, Appellant initiated two adversary proceedings against Ms. Byrnes in the United States Bankruptcy Court for the District of New Mexico ("Bankruptcy Court"), one of which was a removed action initially filed by Mr. Byrnes in state court in 2019 based on domestic abuse allegations made against him by Ms. Byrnes.  *See* ROA vol. 1 at 12-30. The presiding United States Bankruptcy Judge, David T. Thuma, consolidated Appellant's two proceedings into a single adversary proceeding in the Bankruptcy

---

[1] Ms. Byrnes received a discharge on March 11, 2021, and her Chapter 7 case was closed.  *See* ROA vol. 1 at 351.

Court, which was assigned proceeding number 20-1070-t.  *Id.* at 42.  On February 10, 2021, Appellant filed an amended complaint in the consolidated proceeding which contained two counts: a first count bringing claims for defamation and intentional infliction of emotional distress against Ms. Byrnes ("Count I"), and a second count requesting a declaratory judgment holding that various of Ms. Byrnes's contract and domestic support obligations were nondischargeable ("Count II").  *Id.* at 47-57. Appellant demanded a jury trial on all issues so triable and did not consent to his claims being heard and adjudicated by the Bankruptcy Court.  *See id.* at 134, 163.

### B.  Motion for Withdrawal of Reference

On March 31, 2021, Appellee filed a Motion for Withdrawal of Reference requesting withdrawal of the proceedings from the Bankruptcy Court so he could try his Count I claims before a jury in federal district court.  *Id.* at 146-152.  The motion was referred to the United States District Court for the District of New Mexico by the Bankruptcy Court and assigned case number 1:21-cv-00295.  *See id.* at 153.  While Plaintiff's Motion for Withdrawal of Reference was pending before the District Court, the Bankruptcy Court dismissed Count II of Appellant's Amended Complaint, leaving Plaintiff's Count I claims for defamation and intentional infliction of emotional distress. *See id.* at 241.  The Bankruptcy Court also found that it could try Plaintiff's Count I claims and that—subject to the District Court's decision on Appellant's pending Motion for Withdrawal of Reference—these claims were ready for trial.  *Id.* at 715-16.

On April 15, 2022, presiding United States District Judge Kea W. Riggs entered an order adopting United States Magistrate Judge Jerry H. Ritter's Proposed Findings and Recommended Disposition ("PFRD") recommending that the Court deny Appellant's Motion for Withdrawal of Reference without prejudice ("Order Denying Motion for Withdrawal of Reference").  *See* ROA vol. 3 at 322.  *Inter alia*, the order overruled Appellant's objections to the PFRD and kept Appellant's case in Bankruptcy Court for pretrial proceedings.  *See id.* at 322-23.  On April 19, 2022, the Bankruptcy Court set a final pretrial conference on Appellant's claims.  ROA vol. 1 at 757.  Eight days later, Appellant appealed the Order Denying Motion for Withdrawal of Reference to the Tenth Circuit Court of Appeals, *id.* at 762.

### C. May 13, 2022, Pretrial Conference and Final Judgment in Adv. No. 20-1070-t

The Bankruptcy Court moved forward with holding a pretrial conference for Appellant's Count II tort claims on May 13, 2022, after granting one continuance of the conference at Appellant's request.  *See* ROA vol. 1 at 757, 760, 792.  At the May 13 pretrial conference, Appellant stated that he would not participate in good faith because of his position that the Order Denying Motion for Withdrawal of Reference had dismissed his claims and his appeal of that dismissal was before the Tenth Circuit.  *See id.* at 793; PDF File With Audio File Attachment at 01:42-02:20, *In re Byrnes*, No. 20-12086-t7, Adv. No. 20-1070-t7 (consolidated), 2022 WL 1721469 (Bankr. D.N.M. May 27,

2022), ECF No. 164 (hereinafter "Pretrial Conference Audio File"). [2]  The Bankruptcy

Judge advised Appellant that he interpreted the Order Denying Motion for Withdrawal

of Reference as a ruling on Appellant's Motion for Withdrawal of Reference, rather than

a ruling on the merits of Mr. Byrnes's case, but Appellant resisted the Bankruptcy

Court's attempts to correct his interpretation.  ROA vol. 1 at 793; Pretrial Conference

Audio File at 04:23-04:36 (after the Bankruptcy Court's comments about its

interpretation of the Order Denying Motion for Withdrawal of Reference, Appellant

responding: "Well, you're not the Tenth Circuit, you're just a Bankruptcy Judge.  You're

nobody.").  The Bankruptcy Court advised Appellant that if he was not prepared to

participate in good faith, the court would assess sanctions—possibly to include

dismissal of the proceeding as one of the sanctions under Rule 16—and again asked

Appellant if he was prepared to participate in good faith.  Pretrial Conference Audio

File at 04:42-04:57.  Appellant maintained that he would not participate.  After giving

both sides an opportunity to present argument about what would be an appropriate

sanction, the Bankruptcy Court determined that it would not set a trial date, vacated the

pretrial conference, and stated that a sanctions order would be forthcoming.  *See id.* at

05:09-07:10.

---

[2] Although a transcript of the May 13, 2022, pretrial conference is not included in the record on appeal, the Court cites the audio-only recording of this conference lodged in the underlying bankruptcy proceeding, because the Court may take judicial notice of court documents and matters that are public record, *see Keil v. Citigroup, Inc.*, No. Civ.A04CV01114PSFOES, 2005 WL 2141424, at *2 & n.1 (D. Colo. Aug. 18, 2005), and both parties include quotations from this audio recording in their briefing, *see doc. 13* at 18; *doc. 17* at 15.

On May 27, 2022, the Bankruptcy Court issued its Final Judgment Dismissing Adversary Proceeding with Prejudice and Awarding Attorney Fees and Costs, which dismissed Appellant's proceeding with prejudice under Rules 16(f) and 41(b) and assessed a $12,921.14 monetary judgment against Appellant and for Appellee based on her attorney's fees and costs associated with the adversary proceeding.  ROA vol. 1 at 802.  Appellant filed this appeal of the Bankruptcy Court's Final Judgment on June 6, 2022.  *Doc. 1.*   During the pendency of the instant appeal, on December 21, 2022, the Tenth Circuit dismissed Mr. Byrnes's appeal of the District Court's order denying his Motion for Withdrawal of Reference on the basis that the District Court's order was an interlocutory, non-appealable order.  *Byrnes v. Byrnes (In re Byrnes)*, No. 22-2049, 2022 WL 19693003, at *2 (10th Cir. Dec. 21, 2022).

## II.   STANDARD OF REVIEW

When reviewing the "final judgment[], order[], [or] decree" of a bankruptcy court under 28 U.S.C. § 158(a), "the district court . . . appl[ies] the same standards of review that govern appellate review in other cases."  *Country World Casinos, Inc. v. Tommyknocker Casino Corp. (In re Country World Casinos, Inc.)*, 181 F.3d 1146, 1149 (10th Cir. 1999).  Thus, questions of law are reviewed de novo and discretionary decisions for abuse of discretion.  *Busch v. Anderson (In re Busch)*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (citing *Pierce v. Underwood,* 487 U.S. 552, 558 (1988)).  The district court is bound by the bankruptcy court's findings of fact unless they are clearly erroneous.  *Id.*

6

III.   ANALYSIS

The issues on appeal are: (1) whether the Bankruptcy Court was divested of jurisdiction over Mr. Byrnes's adversary proceeding at the time of the May 13, 2022, pretrial conference, (2) if the Bankruptcy Court was not divested of jurisdiction, whether it abused its discretion by imposing the dismissal sanction and assessing a $12,921.14 monetary sanction against Mr. Byrnes.

A.  The Bankruptcy Court Was Not Divested of Jurisdiction on May 13, 2022

Appellant advances numerous arguments asserting that the Bankruptcy Court lacked "jurisdiction and administrative control" over Mr. Byrnes's adversary proceeding on May 13, 2022, the day of the final pretrial conference, or otherwise lacked authority to hold the pretrial conference.  *See doc. 13* at 6, 21.  Consequently, argues Appellant, the Bankruptcy Court could not sanction Appellant for his failure to participate.  *See id.* at 21.

The undersigned first addresses Appellant's contention that the Bankruptcy Court was divested of jurisdiction over his proceeding while the Tenth Circuit resolved "[whether] Plaintiff's motion to withdraw the United States District Court Reference should be granted and [whether Mr. Byrnes had] a seventh amendment right to a jury trial on the Defamation and IIED tort claims."[3]  *Id.* at 19, 21.  Appellant identifies the

---

[3] Appellant's characterization of the issues before the Tenth Circuit on his appeal of Judge Riggs's Order is factually incorrect.  As is discussed at greater depth *infra*, the District Court did not resolve whether Mr. Byrnes was entitled to a jury trial, so this issue was not before the Tenth Circuit.  *See* ROA vol. 3 at 59-

general rule of appellate jurisdiction that the filing of a notice of appeal "divests the trial

court of jurisdiction with respect to any matters involved in the appeal." *Pueblo of*

*Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1066-67 (D.N.M. 2016) (quoting *Int'l Paper*

*Co. v. Whitson*, 595 F.2d 559, 561-62 (10th Cir. 1979)), *aff'd*, 863 F.3d 1226 (10th Cir. 2017).

This general rule does not hold in all circumstances.  If a notice of appeal is deficient

"by reason of untimeliness, lack of essential recitals, reference to a non-appealable

order, or otherwise, the [trial] court may ignore it and proceed with the case." *Arthur*

*Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976).  In other words,

jurisdiction does not transfer to an appellate court in certain circumstances where an

appeal is jurisdictionally defective.  *See, e.g., Berg v. Shannon (In re Shannon)*, 670 F.2d

904, 907 (10th Cir. 1982) (stating that "[b]ecause the appeal . . . was jurisdictionally

defective when the notice of appeal was filed, appellate jurisdiction never transferred

from the district court").  If this were not so, "a litigant could temporarily deprive a

court of jurisdiction at any and every critical juncture" by filing an appeal.  *Howard v.*

*Mail-Well Envelope Co.*, 164 F.R.D. 524, 527-28 (D. Colo. 1996) (quoting *Hodgson v.*

*Mahoney*, 460 F.2d 326, 328 (1st Cir. 1972); *see also Century Laminating, Ltd. v.*

*Montgomery*, 595 F.2d 563, 567 (10th Cir. 1979) ("An attempt to appeal a non-final

---

60 (stating that "it is not yet clear that Mr. Byrnes is entitled to a jury trial in this matter" but that the
District Court did not need to resolve the question of whether Mr. Byrnes' claims were subject to a jury
trial because "the most efficient approach" was to keep Mr. Byrnes's proceeding in bankruptcy court for
pretrial proceedings).

decision of a district court remains just that, an attempt.  It is a nullity and does not divest the trial court of its jurisdiction.").

As the Tenth Circuit ultimately held in its disposition of Mr. Byrnes's appeal, a district court's order denying a motion to withdraw the reference to a bankruptcy court is an interlocutory order that is not immediately appealable.  *See In re Byrnes*, 2022 WL 19693003, at *2 (citing *Dalton v. United States (In re Dalton)*, 733 F.2d 710, 714-15 (10th Cir. 1984) and *Lofstedt v. Oletski-Behrends (In re Behrends)*, No. 15-1489, 668 F. App'x 832, 833 (10th Cir. 2016)); *see also Com. Fin. Servs., Inc. v. Temple (In re Com. Fin. Servs., Inc.)*, 97 F. App'x 238, 239 (10th Cir. 2004).  Because Mr. Byrnes's appeal of the District Court's order denying his Motion for Withdrawal of Reference pertained to a nonappealable order, jurisdiction did not transfer to the Tenth Circuit, and the Bankruptcy Court did not lack jurisdiction to hold the May 13, 2022, pretrial conference or sanction Mr. Byrnes for his conduct in that proceeding.[4]  *Arthur Andersen*, 546 F.2d at 340; *see Fed. Trade Comm'n v. Zurixx, LLC*, No. 22-4042, 2023 WL 2733500, at *5 (10th Cir. Mar. 31, 2023) (holding that "[b]ecause 'a party can't strip the district court of jurisdiction by

---

[4] Moreover, Appellant has not argued that there was another statutory basis for the Tenth Circuit to immediately exercise jurisdiction over District Court's Order, and the District Court did not certify its interlocutory Order for immediate appeal pursuant to 28 U.S.C. § 1292(b).  *See Martinez v. Martinez*, No. CIV-09-281 JB/KBM, 2011 WL 13291094, at *3 (D.N.M. Jan. 26, 2011) (stating that "[n]othing in the record demonstrates that jurisdiction over this case has been removed from [the district court] and properly conferred in the Tenth Circuit" where none of the categories of appeal listed in 28 U.S.C. § 1292(a) applied and the district court had not certified its order for discretionary interlocutory appeal pursuant to 28 U.S.C. § 1292(b)).

prematurely appealing, . . . the [trial] court did not err by proceeding' in the face of an appeal of a non-appealable order" (quoting *Kellogg v. Watts Guerra LLP*, 41 F.4th 1246, 1259 (10th Cir. 2022))).

As for Appellant's other arguments attacking the Bankruptcy Court's authority to hold the May 13, 2022, final pretrial conference, these arguments are attempts to relitigate the District Court's conclusion that the Bankruptcy Court should retain jurisdiction over pretrial proceedings for Mr. Byrnes's tort claims. *See* ROA vol. 3 at 60. This conclusion was adopted by the District Court after *de novo* review of Mr. Byrnes's objections, *see id.* at 327, and not disturbed upon the adjudication of the Motion for Reconsideration filed by Mr. Byrnes, *see Byrnes v. Byrnes* (*In re Byrnes*), No. 20-12086-t7, 2022 WL 17752369, at *2-4 (D.N.M. Dec. 19, 2022). Because the limited issue of whether it was proper for the Bankruptcy Court to move forward with pretrial proceedings was fully litigated and settled in the District Court proceedings on Mr. Byrnes's Motion for Withdrawal of Reference, the Court should not give Appellant a second bite at the apple by engaging further with Appellant's arguments on this issue.

Because the undersigned finds that there is no merit to Appellant's various challenges to the propriety of the Bankruptcy Court conducting a final pretrial conference for Mr. Byrnes's tort claims on May 13, 2022, the undersigned also finds that it was not erroneous for the Bankruptcy Judge to issue a discovery sanctions order that dismissed Mr. Byrnes's proceeding without a jury trial. Even assuming Appellant had

a right to have his tort claims heard by a jury (which, again, was a matter that had yet to be decided at the time of the pretrial conference[5]), "it is axiomatic that a party does not have a right to a jury trial if a dismissal sanction is properly imposed." *Richardson v. Safeway, Inc.*, 109 F. App'x 275, 279 (10th Cir. 2004).  The Court therefore proceeds to an analysis of whether the dismissal sanction was properly imposed by the Bankruptcy Court, a decision it reviews for abuse of discretion.  *Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002); *see also Davis v. Miller*, 571 F.3d 1058, 1060-61 (10th Cir. 2009).

### B.  The Bankruptcy Court Did Not Abuse its Discretion by Imposing the Dismissal Sanction

The Bankruptcy Court dismissed the underlying adversary proceeding under Rules 16(f) and 41(b).  ROA vol. 1 at 793-97.  Rule 16(f)(1) provides that

> [o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> **(A)** fails to appear at a scheduling or other pretrial conference;

---

[5] Contrary to what Appellant now contends, whether Mr. Byrnes's IIED and defamation claims were core or non-core and whether Mr. Byrnes had a right to a jury trial on these claims remained unresolved at the time of the final pretrial conference.  Neither the Bankruptcy Court nor the District Court issued a definitive ruling on whether Mr. Byrnes's claims were core or non-core.  *See* ROA vol. 1 at 711-12; ROA vol. 3 at 58-59.  In fact, the Bankruptcy Court explicitly called attention to this fact and the impact it would have on whether the Bankruptcy Court or District Court would enter a final judgment.  ROA vol. 1 at 712.  Additionally, the District Court expressly stated that it had not resolved the question of whether Mr. Byrnes had a right to a jury trial, made a finding that "Mr. Byrnes' Seventh Amendment rights are not infringed by the bankruptcy court retaining jurisdiction over this matter for pre-trial proceedings," and stated that its denial of the motion for withdrawal of reference was without prejudice so that "[w]hen the proceeding is ready for trial, Mr. Byrnes may refile his motion and the Court can determine which claims, if any, will be tried to a jury."  ROA vol. 3 at 60.  Mr. Byrnes apparently understood these nuances, but rather than refiling a motion for withdrawal of reference, he elected to refuse to participate in pretrial proceedings in Bankruptcy Court.  *See id.* at 347 (correctly stating that the Bankruptcy Court would schedule Mr. Byrnes's claims for a bench trial unless the District Court ruled that Plaintiff had a right to a jury trial).  Had Appellant participated in the pretrial proceedings in bankruptcy court in good faith following the District Court's order denying his motion for withdrawal of reference, his claims may yet have been tried according to the procedures of which he now complains of being deprived.

      **(B)** is substantially unprepared to participate—or does not participate in good faith—in the [scheduling or other pretrial conference; or

      **(C)** fails to obey a scheduling or other pretrial order[,]

Fed. R. Civ. P. 16(f)(1), and Rule 37(b)(2)(A) authorizes the sanction of "dismissing the action or proceeding in whole or in part," Fed. R. Civ. P. 37(b)(2)(A)(v). Rule 41(b) also authorizes dismissal of an action or a claim based on a plaintiff's "fail[ure] to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."

      "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Davis*, 571 F.3d at 1061 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)). Therefore, "[w]hile discovery-related sanctions are generally permissible to protect the integrity of the judicial process, a sanction of dismissal is reserved for violations 'predicated upon willfulness, bad faith, or some fault of [the party] rather than inability to comply.'" *Atlas Res., Inc. v. Liberty Mut. Ins. Co.*, 291 F.R.D. 638, 643 (D.N.M. 2013) (quoting *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995)). For purposes of the dismissal sanction, a discovery violation is 'willful' if it constitutes an "intentional failure[,] as distinguished from involuntary noncompliance." *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987) (quoting *Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.)*, 817 F.2d 625, 628–29 (10th Cir. 1987)). Wrongful intent is not required. *Id.*

      The Tenth Circuit has identified five factors, termed the '*Ehrenhaus* factors,' for

courts to consider when determining whether to impose the sanction of dismissal. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).  These factors are:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted).  The *Ehrenhaus* factors "do not constitute a rigid test." *Id*.  Rather, they are factors that a court "may wish to consider" in deciding whether to dismiss an action. *Lee*, 638 F.3d at 1323 (internal quotation marks omitted); *see also Archibeque*, 70 F.3d at 1174–75 (upholding dismissal despite the fact that the district court did not evaluate all five *Ehrenhaus* factors).  Trial courts enjoy "very broad discretion" in their use of sanctions. *Lee*, 638 F.3d at 1320 (citation omitted).

The undersigned finds that the Bankruptcy Court did not abuse its discretion by concluding that dismissal with prejudice was an appropriate sanction for Plaintiff's refusal to participate in the final pretrial conference and conduct during the adversary proceeding more broadly.  The Bankruptcy Court analyzed the first *Ehrenhaus* factor—the degree of actual prejudice to the other party—as follows:

> Over the past three years and more, Plaintiff has filed numerous motions, petitions, and appeals, including three motions to disqualify a presiding judge. The litigation has largely been vexatious and undertaken in bad faith.  Although many of Plaintiff's arguments and actions have lacked

merit, Defendant has been required to defend against them in state court (trial and appellate), bankruptcy court, District Court, the Bankruptcy Appellate Panel, and the Tenth Circuit Court of Appeals. Defendant has incurred $12,921.14 in attorney fees since the proceeding was removed to this Court. This factor weighs in favor of dismissal.

ROA vol. 1 at 794-95.  Plaintiff does not directly address the Bankruptcy Court's findings with respect to the prejudice suffered by Appellee, and for the reasons discussed below, the undersigned finds that there is extensive support in the record for the Bankruptcy Judge's conclusions related to Plaintiff's bad faith.

With respect to the second factor—the amount of interference with the judicial process—the Bankruptcy Court found that Mr. Byrnes interfered with the judicial process by willfully disobeying the Bankruptcy Court's order to prepare a pretrial order on the proper form and by refusing to participate in good faith at the final pretrial conference.  *Id.* at 795.  The Bankruptcy Judge also found that Plaintiff had demonstrated a "major, ongoing interference in the judicial process" during his adversary proceeding more generally by filing and litigating a high volume of motions and appeals but ultimately refusing to try his case.  *Id.*  This analysis is borne out by the record of Appellant's litigation activities in this proceeding and its parallel proceedings, and Appellant does not challenge in any way the Bankruptcy Judge's finding that Mr. Byrnes acted willfully in failing to prepare a pretrial order.

With respect to the third factor—the culpability of the litigant—the Bankruptcy Court addressed Mr. Byrnes's culpability for his interference in the judicial process

14

throughout his adversary proceeding as a whole, as well as Mr. Byrnes's culpability for the specific instance in which he failed to participate in the pretrial conference in good faith.  With respect to Mr. Byrnes's culpability during the proceeding more broadly, the Bankruptcy Court noted that Mr. Byrnes "is a former lawyer" who knows "how he is expected to behave in court and towards opposing counsel," knows that "court orders are requirements, not mere suggestions," and knows that "bad faith, vexatious litigation is wrong and sanctionable."  *Id.*  The Bankruptcy Court also found that

> [Appellant] does not want to *try* the case against his wife, only to *litigate* it. [Appellant] knows his wife has limited means and cannot afford litigation. Relying on his experience as a lawyer, [Appellant] used this proceeding to harass his wife and drain her of what little money she had.

ROA vol. 1 at 796.  The record is replete with examples of Mr. Byrnes's aggressive litigation tactics and contumacious and disrespectful behavior toward opposing counsel and the court, so the undersigned finds that the Bankruptcy Judge's analysis of this point is not clearly erroneous.  *See* ROA vol. 1 at 182 (describing Appellant's behavior at a January 11, 2021, scheduling conference, where, after the Bankruptcy Court explained to Appellant why his notice of removal was procedurally defective, Appellant accused the Bankruptcy Court of playing "procedural games" with him and refused to take corrective action); *id.* at 183 (describing Appellant's tone when addressing the Bankruptcy Court at a March 8, 2021, scheduling conference as "antagonizing" and stating that Appellant was "often deliberately nonresponsive to the Court's questions about scheduling deadlines"); *id.* at 333 (stating on July 29, 2021, that "the [Bankruptcy]

15

Court feels it necessary at this point to caution Plaintiff about vexatious litigation and inappropriate courtroom behavior"); *id.* at 340 & n.5 (characterizing Appellant's litigation tactics as "overly aggressive" and stating that "[i]t appears [Appellant] may be overlitigating this proceeding on purpose, with the goal of punishing [Appellee] (his estranged wife) and/or coercing her into submission" since "[Appellant's] litigation tactics do not make economic sense"); *id.* at 341 (stating that Appellant's behavior at various hearings was "disruptive, rude, and insulting"; noting that "[t]his apparently is a continuation of improper courtroom behavior Plaintiff exhibited as early as 2001"; and warning Appellant that "any further disruptive, rude, or insulting behavior will be dealt with by a contempt hearing").

With respect to Mr. Byrnes's culpability for failing to participate in a final pretrial conference, specifically, Appellant argues his conduct "did not neglect or delay the trial of his case" and that he had good faith reasons for not participating.[6] *Doc. 13* at 25. Appellant does not explain how his refusal to prepare a pretrial order or participate in the final pretrial conference could *not* have had the effect of delaying trial of his claims. In fact, he does not develop this argument at all. As for Appellant's contention that he had a good faith reason for not participating in the final pretrial conference, the

---

[6] Appellant also argues that the dismissal sanction was inappropriate because the Bankruptcy Judge "is addressing a single incident of alleged noncompliance and not a persistent failure to prosecute a complaint." *Doc. 13* at 26. This argument is obviously meritless given the sanctions order's multiple references to a pattern of conduct spanning multiple years. *See* ROA vol. 1 at 794-97.

Bankruptcy Judge found that the reason Mr. Byrnes gave at the final pretrial conference for not participating—namely, his belief that the District Court's Order denying Mr. Byrnes's Motion for Withdrawal of Reference dismissed his proceeding—was a frivolous argument and a pretext for refusing to take his case to trial.  ROA vol. 1 at 796.

The Bankruptcy Court's findings that Appellant gave a frivolous and pretextual reason for not participating in the May 13, 2022, pretrial conference (*i.e.* that his discovery violation was in bad faith) are not clearly erroneous.  The Bankruptcy Court listed multiple rationales for its finding that Mr. Byrnes's objection to participating in a final pretrial conference was pretextual,[7] and Appellant does not directly address or otherwise refute those rationales in this appeal.  Instead, Appellant repeats his argument that the Bankruptcy Judge was divested of jurisdiction while Mr. Byrnes's right to a jury trial was on appeal before the Tenth Circuit, but he does not expound on why this argument is not frivolous given the plain language of the District Court's

---

[7] First, the Bankruptcy Judge noted that Mr. Byrnes's asserted interpretation of the District Court's Order Denying Motion for Withdrawal of Reference was in clear tension with language in the Order explaining that it was denying Mr. Byrnes's Motion for Withdrawal of Reference without prejudice.  ROA vol. 1 at 796.  Additionally, the court noted the complete absence of any indication in the Order that it was dismissing Mr. Byrnes's underlying proceeding in bankruptcy court.  *Id.*  Second, the Bankruptcy Judge noted that the District Court could not have dismissed Mr. Byrnes's tort claims because dismissal of those claims was not before the District Court.  *Id.*  Additionally, the District Court's holding—that the reference of Mr. Byrnes's tort claims to the Bankruptcy Court should remain in place—would be an impossibility if Mr. Byrnes's claims were dismissed.  Third, the Bankruptcy Judge noted that Mr. Byrnes's motion to reconsider the District Court's order demonstrated an interpretation of the District Court's Order that is at odds with the interpretation Mr. Byrnes later gave at the May 13, 2022, pretrial conference.  *Id.* at n.9.  Similarly, the Bankruptcy Court noted that although Mr. Byrnes appealed the District Court's order, the dismissal of his claims was not included in the list of issues he presented for appeal.  *Id.*

Order Denying Motion for Withdrawal of Reference and the PFRD it adopted.[8]  *See doc. 13* at 6, 18-19.

As discussed previously, Appellant's assertion that the Bankruptcy Court was divested of jurisdiction on May 13, 2022, is incorrect.  While a litigant's assertion of a flawed legal position does not automatically constitute cause to find that that he is acting in bad faith, here, Appellant persisted in his objection even after the Bankruptcy Court advised Mr. Byrnes that his objection was baseless, and he did so in a way that was disrespectful of the Bankruptcy Court despite being previously warned about his courtroom behavior.  *See Valentine v. PNC Fin. Servs. Grp., Inc.*, Civil Action No. 1:18-cv-01934-CMA-SKC, 2019 WL 7289018, at *3 (D. Colo. Oct. 22, 2019) (finding that a litigant's failure to attend a scheduling conference was willful because she was advised that her appeal did not deprive the court of its jurisdiction to proceed), *report and recommendation adopted*, Civil Action No. 18-cv-01934-CMA-SKC, 2019 WL 5957297 (D. Colo. Nov. 13, 2019); ROA vol. 1 at 341 (warning Plaintiff on July 29, 2021, that no "further disruptive, rude, or insulting behavior" would be tolerated).  Additionally, the Bankruptcy Court's thorough explanation supporting its finding that Mr. Byrnes's argument was frivolous and pretextual was rooted in its observation of Mr. Byrnes's

---

[8] To the extent Appellant seeks to argue that this argument is not frivolous because "[j]udicial notice must be taken that a New Mexico State court judge ruled that the Defamation and IIED tort claims are good claims that raise triable issues that are subject to trial by jury," *see doc. 13* at 18, he has waived this argument by failing to develop it or support it with any citation, *see In re Taylor*, 737 F.3d 670, 682 n.9 (10th Cir. 2013) (stating that a one-sentence argument was insufficient and waived).

litigation tactics over the entirety of his adversary proceeding and is therefore owed

great deference.  *See Thompson v. Rockwell Int'l Corp.*, 811 F.2d 1345, 1350 (10th Cir. 1987)

(stating that courts reviewing the propriety of a trial court's factual findings under the

'clearly erroneous' standard "must give great deference to the factual determinations of

the original finder of fact").

The Fourth *Ehrenhaus* factor is whether the court gave advance warning that

dismissal of the action would be a likely sanction for noncompliance.  At the May 13,

2022, pretrial conference, the Bankruptcy Court twice asked Mr. Byrnes if he was

prepared to participate in the conference in good faith.  Prior to posing the question for

the second time, the Bankruptcy Judge informed Mr. Byrnes that he would sanction him

if he chose not to participate in good faith and that the Bankruptcy Court might dismiss

the case as a sanction under Rule 16.  Pretrial Conference Audio File at 04:46-04:57.

Appellant responded to the Bankruptcy Court: "You can do what you want.  I'm not

participating, and if you issue a sanction order, make sure that it's an appealable order."

*Id.* at 04:57-05:08.  Later in the conference, the Bankruptcy Court gave Appellant an

opportunity to be heard on the topic of what sanctions would be appropriate for his

refusal to participate, and Appellant stated that he did not have any comments to add.

*Id.* at 06:14-06:20.  Based on these exchanges, the undersigned finds that the Bankruptcy

Court did not abuse its discretion in finding that the fourth *Ehrenhaus* factor weighed in

favor of dismissal.[9]

Finally, the fifth *Ehrenhaus* factor instructs a court to consider the efficacy of lesser sanctions.  Where a litigant demonstrates a pattern of conduct illustrative of an intent to avoid trial and a refusal to obey applicable procedural rules and orders of the court, a court does not abuse its discretion by choosing the dismissal sanction.  *Callahan v. Commc'n Graphics, Inc.*, 657 F. App'x 739, 745 (10th Cir. 2016); *Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993); *Mobley v. McCormick*, 160 F.R.D. 599, 602 (D. Colo. 1995); *McNally v. Fender*, Civil Action No. 07-CV-00106-WDM-MEH, 2008 WL 2690699, at \*2 (D. Colo. July 3, 2008).

Here, the Bankruptcy Court found that no sanction other than dismissal would be effective or appropriate because of Appellant's refusal to take his claims to trial. ROA vol. 1 at 795.  The record supports this finding because it shows that Appellant has been unyielding in his refusal to try his claims before the Bankruptcy Court.  For example, he has: refused to prepare a pretrial order in an appropriate form before the pretrial conference scheduled for November 15, 2021, *see id.* at 420-21; filed a motion to

---

[9] Although the undersigned finds that Appellant's exchange with the Bankruptcy Court at the May 13, 2022, pretrial conference, standing alone, put him on sufficient notice that his adversary proceeding might be dismissed, the undersigned also notes that Appellant was repeatedly warned throughout his adversary proceeding that his failure to comply with court orders and litigate in good faith could result in the dismissal of his claims.  *See, e.g.*, ROA vol. 1 at 339-41 (stating in July 2021 that the Bankruptcy Court "is concerned that [Mr. Byrnes] is bordering on becoming a vexatious litigant" and warning Appellant that "the Court will not tolerate vexatious litigation of this adversary proceeding [and] [i]f the Court finds that Plaintiff is engaged in vexatious litigation, it will take any and all actions needed to curtail it"); *id.* at 574 (advising the parties that "[f]ailure to comply with this order may result in dismissal of the action, default, the assessment of costs and attorney's fees, or other appropriate penalties").

stay the November 15, 2021, pretrial conference, *see id.* at 406; filed a "Motion to Recall

or Modify Orders Resulting from Pretrial Conference and For Related Relief," *id.* at 468;

appealed the Bankruptcy Court's January 28, 2022, Order Setting Final Pretrial

Conference, *id.* at 573, 592; filed a Motion requesting a pretrial conference before the

District Court, ROA vol. 3 at 30; appealed *and* filed a motion to reconsider the District

Court's order denying his Motion for Withdrawal of Reference, ROA vol. 1 at 762; ROA

vol. 3 at 333, and requested a continuance of the final pretrial conference scheduled for

April 28, 2022, *see* ROA vol. 1 at 757, 792.  Because the District Court determined that

pretrial proceedings should continue before the Bankruptcy Court, *see* ROA vol. 3 at 60,

but Appellant refuses to acknowledge the Bankruptcy Court's jurisdiction or authority

to conduct pretrial proceedings, the underlying proceeding has been brought to a

standstill by Appellant's obstinance.  Additionally, Appellant has repeatedly failed to

take responsibility or show remorse for his various infractions, and monetary sanctions

have failed to deter him.  *See* ROA vol. 1 at 300-04 (assessing a monetary sanction

against Mr. Byrnes due to failure to observe procedural rules during depositions

scheduling); *id.* at 424 (explaining that Mr. Byrnes litigated and refused to pay the

monetary sanction); *Valentine*, 2019 WL 5957297, at *4 (finding that sanctions less than

dismissal would not be effective because "monetary sanctions have little impact on [the]

[p]laintiff's insistence on pursuing arguments even after they have been demonstrated

to be frivolous," and the plaintiff repeatedly and willfully disregarded court orders and

rules).

To summarize, the undersigned concludes the Bankruptcy Court did not abuse its discretion in how it considered the above factors and that its findings are not clearly erroneous.  Therefore, the Bankruptcy Court did not err in dismissing Appellant's claims with prejudice under Rule 16(f) or Rule 41(b).  *See Gripe*, 312 F.3d at 1188 (stating that the *Ehrenhaus* criteria are applicable to dismissals under Rule 16(f) as well as Rule 41(b) and affirming dismissal for failure to follow court orders and rules).

**C.  The Bankruptcy Court Did Not Abuse its Discretion by Imposing a Monetary Sanction**

Appellant also challenges the Bankruptcy Court's award of a $12,921.14 money judgment against Appellant and for Ms. Byrnes.  The Bankruptcy Court found that an award of attorney's fees was appropriate pursuant to Rule 16(f)(2) and the court's inherent authority to prevent abusive litigation.  *See* ROA vol. 1 at 797-98.  The Court reviews the Bankruptcy Court's imposition of this sanction for abuse of discretion.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991) (stating that "[w]e review a court's imposition of sanctions under its inherent power for abuse of discretion"); *Matter of Baker*, 744 F.2d 1438, 1440, 1442 (10th Cir. 1984) (reviewing a sanction imposed under Rule 16(f) for whether it was supported by the record and within the trial court's discretion).

Rule 16(f)(2) provides:

Instead of or in addition to any other sanction, the court must order the

> party, its attorney, or both to pay the reasonable expenses--including
> attorney's fees--incurred because of any noncompliance with this rule,
> unless the noncompliance was substantially justified or other
> circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f)(2).  Under Rule 16(f)(2), "[i]n the absence of a finding of bad faith, there must be a sufficient nexus between noncompliance with the rules and the amount of fees and expenses awarded as a sanction.'" *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996) (quoting *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990)).  On the other hand, where a court finds that a litigant demonstrated bad faith, it is not required to limit its sanction to costs and fees directly attributable to the discovery violation.  *See id.*  "Bad faith, in this context, means a voluntary, intentional refusal to comply with a pretrial order." *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.*, 173 F.3d 863, 1999 WL 164955, at *2 (10th Cir. 1999) (unpublished table decision).

In addition, the Court "may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002); *see also Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1179 (10th Cir. 2009).  This implied power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabasah R.R. Co.*, 370 U.S. 626, 630–31 (1962)).  It "can be invoked even if procedural rules exist which sanction the same conduct." *Id.* at 49.

Here, the Bankruptcy Court imposed a monetary sanction against Appellant of

$12,921.14, the amount of Appellee's attorney's fees incurred in the adversary proceeding after the removal of Appellant's claims from state court plus the New Mexico gross receipts tax.  *See* ROA vol. 1 at 799.  The Bankruptcy Court found three justifications for levying a "substantial monetary sanction" against Appellant: (1) Appellant's contumacious conduct toward the Bankruptcy Court, (2) Appellant's refusal to confer in good faith at the final pretrial conference in bankruptcy court, thereby wasting the Court's and Defendant's time, and (3) that Appellant's actions throughout his adversary proceeding were "in bad faith, vexatious, wanton, harassing, and oppressive."  *Id.*  The Bankruptcy Court stated that, in awarding a monetary sanction, it placed the greatest importance on Appellant's bad faith litigation tactics and the second most importance on Appellant's failure to confer in good faith at the final pretrial conference.  *Id.*

Having reviewed the record, the undersigned is convinced that the monetary sanction imposed by the Bankruptcy Court is appropriate and not an abuse of the Bankruptcy Court's considerable discretion.  For the reasons set forth above and not repeated here, the undersigned finds that the Bankruptcy Court's findings that Appellant litigated his adversary proceeding in bad faith and demonstrated bad faith by asserting a pretextual reason for not participating in the final pretrial conference are not clearly erroneous.  A sanction equivalent to the entire amount of Appellee's attorney's fees for the adversary proceeding is commensurate with the nature of

Appellant's sanctionable conduct, given the Bankruptcy Judge's finding that Appellant's litigation strategy throughout the adversary proceeding was to "torment [Appellee] with bad faith, vexatious litigation that cost him little or nothing but forced her to incur ever-mounting attorney fees."  *See* ROA vol. 1 at 799; *see Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (stating that a "blanket award" of all of a party's fees from the start of a suit may be appropriate where the entire course of a party's conduct was culpable or where a party "initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior").

Additionally, the undersigned concurs with the Bankruptcy Judge's finding that "the fees charged to Defendant are quite reasonable, given all of the work Plaintiff has put Defendant to."  *See* ROA vol. 1 at 799.  "When reviewing the reasonableness of a [fees] request, a reviewing court looks at both the amount of time spent and whether the hourly rate for that time was reasonable."  *King v. Fleming*, 899 F.3d 1140, 1155 (10th Cir. 2018) (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990)).  The fees affidavits submitted by Appellee's counsel, Attorney Mark Pickett, reflect that he performed 53.02 hours of work in this proceeding since he first entered his appearance on January 11, 2021, at a rate of $225 per hour.[10]  ROA vol. 1 at 291, 767-68.  The

---

[10] The fees affidavit submitted by Appellant's counsel in connection with a different discovery sanctions order in July 2021 erroneously listed Attorney Pickett's hourly rate as $250/hour rather than $225/hour. *See* ROA vol. 1 at 291.  The sanctions order that is before the undersigned supersedes the July 2021 sanctions order based on the $250/hour rate and is based on a rate of $225/hour for all of the work performed by Attorney Pickett in this proceeding.  *Id.* at 799 & n.11.

undersigned finds the 53.02 hours billed by Appellee's counsel in this proceeding are eminently reasonable given the duration of the underlying proceeding and the extraordinary volume of Appellant's filings and appeals in the underlying proceeding and parallel proceedings.  Additionally, the undersigned finds that $225/hour is a reasonable rate in the context of the greater Albuquerque legal market and the type of issues presented by the underlying proceeding.  *See Schueller v. Wells Fargo & Co.*, CIV 16-0107 MV/KBM, 2018 WL 2943245, at *5 (D.N.M. June 12, 2018) (finding rates of $250/hour and $200/hour reasonable); *see also JK Transports, Inc. v. McGill (In re McGill)*, 623 B.R. 876, 903 (Bankr. D. Colo. 2020) (finding an attorney rate of $250/hour to be reasonable for work on a proceeding involving a dischargeability claim).

In so finding, the undersigned is not swayed by Appellant's argument that he was denied due process because the Bankruptcy Court did not hold an evidentiary hearing where Appellant could challenge the reasonableness of defense counsel's fee requests.  *See doc. 13* at 7.  "The basic requirements of due process with respect to the assessment of costs, expenses, or attorney's fees are notice that such sanctions are being considered by the court and a subsequent opportunity to respond."  *Braley v. Campbell*, 832 F.2d 1504, 1514 (10th Cir. 1987); *see also Link*, 370 U.S. at 632.  Here, the Bankruptcy Court informed Appellant at the May 13, 2022, pretrial conference that he was sanctioning Appellant due to his failure to participate in the conference in good faith and gave the parties an opportunity to be heard on the issue of sanctions.  Pretrial

Conference Audio File at 05:15-06:45.  Appellant chose not to be heard on the topic.  *Id.*

Instead, Appellant filed a Motion to Strike Appellee's counsel's fees affidavit after the

fees affidavit was filed.  *See* ROA vol. 1 at 773-781.  Given that Appellant turned down

the opportunity to be heard on sanctions at the May 13 conference, and because

Appellant's Motion to Strike was before the Bankruptcy Court when the court issued its

Final Judgment in the adversary proceeding, the undersigned determines that

Appellant had a sufficient opportunity to respond to the Bankruptcy Court's

determination that it would enter a monetary judgment in the amount of Ms. Byrnes's

attorney's fees.

    The undersigned is additionally unmoved by Appellant's contention that it was

erroneous for the Bankruptcy Court to include in its monetary sanction the attorney's

fees associated with the 6.5 hours Appellee's counsel allegedly spent on a Motion for

Protective Order filed by Ms. Byrnes in July 2021.  Appellant does not challenge the

reasonableness of these hours but rather makes a technical challenge to the inclusion of

these hours because they are substantiated by Attorney Pickett's signed affidavit rather

than contemporaneous billing records.  *See doc. 13* at 38-39.  Appellant does not provide

any support for his argument, nor does the undersigned find any support in the record,

that would indicate "some amount" of the 6.5 hours billed by Attorney Pickett in

connection with his work on Appellee's July 2021 Motion for Protective Order was

actually spent on other legal work.  *See id.*  The Bankruptcy Court found—first in its

protective order awarding fees for these hours, and again in its order denying Mr.

Byrnes's request for reconsideration of its protective order—that these hours were

reasonable and compensable.  ROA vol. 1 at 302-03, 339.  The undersigned has no basis

for concluding that these findings by the Bankruptcy Court were clearly erroneous.

### IV.   CONCLUSION

For the foregoing reasons, I recommend that the Bankruptcy Court's final

judgment dismissing Appellant's adversary proceeding with prejudice and awarding a

$12,921.14 monetary judgment against Appellant and for Appellee should be

AFFIRMED.

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of
a copy of these Proposed Findings and Recommended Disposition they may file written
objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party
must file any objections with the Clerk of the District Court within the fourteen-day
period if that party wants to have appellate review of the proposed findings and
recommended disposition.  If no objections are filed, no appellate review will be
allowed.**