## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

In re:

SYLVIA MARIE BYRNES,                    Bankruptcy Court No. 20-1070-t

      Debtor.

---

BARRY J. BYRNES,

      Appellant,

v.                                      Civ. No. 22-426 JCH/GBW

SYLVIA MARIE BYRNES,

      Appellee.

## <u>MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION</u>

This matter comes before the Court on the Honorable Gregory B. Wormuth's *Proposed Findings and Recommended Disposition* (ECF No. 27) ("the PFRD"), filed on July 6, 2023, and on Appellant Barry J. Byrnes's *Objections to Proposed Findings and Recommended Disposition* (ECF No. 28), timely filed on July 13, 2023. Judge Wormuth recommended in the PFRD that this Court affirm the final judgment of the United States Bankruptcy Court for the District of New Mexico, which dismissed Appellant's adversary proceeding with prejudice and awarded to Appellee Sylvia Marie Byrnes a monetary judgment against Appellant for $12,921.14. The monetary judgment represented the attorney's fees and costs Ms. Byrnes incurred in the proceeding after it was removed to the Bankruptcy Court. After Appellant filed objections to the PFRD, Appellee filed a *Memorandum in Support of Judge Wormuth's Proposed Findings and Recommended Disposition* (ECF No. 29), on July 28, 2023. Appellant subsequently filed a *Motion*

*to Refuse Consideration of Defendant-Appellee's Memorandum (Document 29)* (ECF No. 30), arguing that Appellee's memorandum was untimely and was not a proper response to Appellant's objections. For the reasons given herein, the Court will deny Mr. Byrnes's motion to refuse.

As for Appellant's objections, this Court conducted a *de novo* review of the PFRD to determine the validity of the objections. *See* 28 U.S.C. § 636(b)(1). The Court considered Appellants' Opening Brief (ECF No. 13), the Appellee's Response (ECF No. 17), Appellant's Reply Brief (ECF No. 18), Judge Wormuth's PFRD (ECF No. 27), Appellant's Objections (ECF No. 28), and Appellee's Memorandum (ECF No. 29). Based on the Court's review, the Court finds that Mr. Byrnes's Objections to the Magistrate Judge's PFRD should be overruled and that the PFRD is well-reasoned and should be adopted.

## I.     STANDARD

District courts may refer dispositive motions to a magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). Within 14 days after being served with a copy of the magistrate judge's recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "Issues

raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

District courts have jurisdiction to consider appeals from final judgments, orders, and decrees of bankruptcy judges. *See* 28 U.S.C. § 158(a). In conducting an appeal under § 158(a), the district court applies the same standards of review governing appellate review in other cases: de novo review of the bankruptcy court's legal determinations, clear-error review of its factual findings, and abuse-of-discretion review for discretionary matters. *See In re Country World Casinos, Inc.*, 181 F.3d 1146, 1149 (10th Cir. 1999); *In re Busch*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (quoting *Pierce v. Underwood*, 487 U.S. 552, 558 (1988)). The decision to impose the sanction of dismissal for failure to follow court orders and rules is reviewed for abuse of discretion. *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1188 (10th Cir. 2002).

## II.      BACKGROUND

Sylvia Marie Byrnes and Barry J. Byrnes are married but separated. (*See* Bankruptcy Record on Appeal ("R.") at 14, ECF No. 5.) On July 13, 2018, Ms. Byrnes called the police and alleged to the police that she was assaulted and the victim of domestic abuse, resulting in the police arresting and charging Mr. Byrnes with a misdemeanor. (*Id.*) Ms. Byrnes also filed a petition for an order of protection from domestic abuse, based on the alleged July 13th assault. (*Id.* at 25.) Mr. Byrnes subsequently filed in state court claims against Ms. Byrnes for defamation and intentional infliction of emotional distress ("IIED"), among other claims, based on Ms. Byrnes's statements to the police and in support of the petition for an order of protection. (*Id.* at 17, 24-25.) All but the two aforementioned tort claims were dismissed. (*Id.* at 17.)

On October 30, 2020, Ms. Byrnes filed a petition for relief under Chapter 7 of the Bankruptcy Code. (*See* R. at 14, 18, 179, 351, ECF No. 5.) Mr. Byrnes removed his state court tort

action against Ms. Byrnes to the United States Bankruptcy Court for the District of New Mexico (the "Bankruptcy Court"). (Notice of Removal, ECF No. 6.) He also filed an Adversary Complaint in the Bankruptcy Court, which was subsequently consolidated with the removed case. (R. 12, 42, 559, ECF No. 5.) Although Mr. Byrnes is proceeding *pro se*, he was a licensed, practicing attorney with years of experience and an attorney of record in 35 bankruptcies between 1997 and 2003. (*Id.* at 73, 187.)

The Honorable David T. Thuma, United States Bankruptcy Judge, held a scheduling conference on January 11, 2021. (Jan. 11, 2021, Hr'g Tr. 2:10-15, ECF No. 21 at 41 of 90.) During that hearing, Judge Thuma tried to direct Mr. Byrnes to a removal issue, but Mr. Byrnes kept talking, so Judge Thuma told him to be quiet. (*Id.* at 13:2-12.) Mr. Byrnes requested Judge Thuma not to talk down to him. (*Id.* at 13:13-14.) Mr. Byrnes continued speaking, so Judge Thuma again instructed him to be quiet. (*Id.* at 13:15-21.) After hearing from defense counsel, Mr. Byrnes again asked to speak, but Judge Thuma noted he had been talking a lot and needed him to be quiet from time to time. (*See id.* at 13:23-14:25.) Mr. Byrnes responded that he did not like being told to be quiet. (*Id.* at 15:1-2.) When Judge Thuma continued to try to get Mr. Byrnes to stop talking, with Mr. Byrnes again interrupting, Judge Thuma warned him that if he disobeyed, he would "have to fine you or find you in contempt because you're being totally annoying and unreasonable." (*Id.* at 15:3-12.) Later, when Judge Thuma asked Mr. Bynres about his position on consolidating the two cases and amending the complaint, Mr. Byrnes said to Judge Thuma that he didn't "understand the procedural games you and Attorney Pickett, Attorney Arvizu are proposing, but they are totally unnecessary." (*Id.* at 16:14-17:1, 17:10, 18:10-13.)

Judge Thuma ordered Plaintiff to amend his complaint to include all state law claims and all nondischargeability claims he wished to assert in the consolidated case. (R. at 43, ECF No. 5.)

Mr. Byrnes complied by filing an amended complaint on February 10, 2021, containing two counts: claims for defamation and IIED against Ms. Byrnes arising from the July 13, 2018, incident for which he asked that any judgment be declared non-dischargeable (Count I); and a claim for declaratory judgment for which he requested declarations that Ms. Byrnes's various contract and domestic support obligations are non-dischargeable, including a declaration that Ms. Byrnes's contractual obligations imposed by the HUD reverse mortgage are nondischargeable in bankruptcy (Count II). (*Id.* at 47-64. *See also Byrnes v. Byrnes*, No. 22-2049, Order 2 (10th Cir. Dec. 21, 2022) (also found at *Byrnes v. Byrnes*, 21cv295, Order, ECF No. 63).)

Judge Thuma held another scheduling conference in the case on March 8, 2021. (*See* Mar. 8, 2021, Hr'g Tr. 1-10, ECF No. 21 at 30-39 of 90.) During the hearing, when Judge Thuma asked defense counsel for his position on an issue, Mr. Byrnes interrupted. (*Id.* at 3:7-15.) After Judge Thuma continued seeking defense counsel's position, Mr. Byrnes said, "You son of a b- (inaudible)." (*Id.* at 3:16-17.) At the end of the hearing, Mr. Byrnes asked for a hearing on the motion to dismiss. (*Id.* at 6:15-8:19.) Judge Thuma said he would set the matter for hearing when it was fully briefed. (*Id.* at 8:24-25.) Mr. Byrnes then asked when the motion to dismiss would be fully briefed, to which Judge Thuma replied that it is in the local rules. (*Id.* at 9:2-5.) Mr. Byrnes responded:

> Judge, stop – you know, I'm a pro se guy, and I – you and your bankruptcy buddies there can play all the games you want with me, but I'm just trying to get a fair hearing. So why don't you comply with the rules of the scheduling conference and promote substantial justice and let's set a date for briefing on that there Rule 12(b)(6) motion?

(*Id.* at 9:6-13.) Judge Thuma asked defense counsel if there was anything further and ended the hearing. (*Id.* at 9:14-24.)

The main bankruptcy case was closed on March 11, 2021, as a "no asset" case. (R. 561, 791, ECF No. 5.) A week later, Mr. Byrnes filed with the Bankruptcy Court a motion to disqualify Judge Thuma (*Id.* at 117-128), and a motion to transfer the case to the United States District Court for the District of New Mexico (the "District Court") (*Id.* at 129-31.) On March 24, 2021, Mr. Byrnes filed a refusal to consent to the Bankruptcy Court hearing and determining his claims. (*Id.* at 133-34.) Judge Thuma denied the motion to transfer for lack of authority. (*Id.* at 136-37.)

Mr. Byrnes then filed a *Motion for Withdrawal of Reference* as to both counts of his amended complaint. (*Id.* at 146-152). The withdrawal motion was assigned case number No. 1:21-CV-00295 in District Court. (*Id.* at 792; *see also* 28 U.S.C. § 157(d) (permitting district court to withdraw reference to bankruptcy court upon timely motion of a party for cause shown).) The District Court referred the motion to Magistrate Judge Jerry Ritter for proposed findings of fact and a recommended disposition. (*Byrnes v. Byrnes*, No. 1:21-CV-00295, Order, ECF No. 7.)

Mr. Byrnes also filed a motion to stay or continue a hearing the Bankruptcy Court set on the defendant's motion to dismiss count two until the District Court ruled on the motion to withdraw reference. (*See* R. 195-98, 210, ECF No. 5.) On April 14, 2021, Mr. Byrnes filed a supplemental jury demand on all issues and did not consent to his claims being heard and adjudicated by the Bankruptcy Court. (*Id.* at 163-64.) Judge Thuma on May 27, 2021, denied Mr. Byrnes's request to stay or continue the hearing because, even if the District Court withdrew the reference and proceeded with a jury trial, the common practice was for Bankruptcy Court to oversee the pretrial preparation of adversary proceedings. (*Id.* at 203-07.) Judge Thuma granted the motion to dismiss count two, (*id.* at 228-42), and Mr. Byrnes subsequently filed a Notice of Appeal of the dismissal to the Bankruptcy Appellate Panel ("BAP"), (*id.* at 257-72).

On July 19, 2021, Judge Thuma held a hearing on Defendant's motion for protective order arising from Mr. Byrnes's efforts to subpoena witnesses for depositions without noticing their depositions or conferring with defense counsel. (*See* July 19, 2021, Mot. Hr'g Tr. 2:10-16:15, ECF No. 21 at 5-19 of 90.) Defense counsel requested attorney's fees in preparing the motion under Rule 37(a)(5)(A). (*Id.* at 4:14-18.) During the hearing, Mr. Byrnes accused Judge Thuma of being "unfair" and said he was an "absolute disgrace as a judge." (*Id.* at 15:16-18.)

The next day, Judge Thuma entered a *Protective and Sanctions Order* based on his findings that Mr. Byrnes failed to follow the procedural rules for issuing witness subpoenas and scheduling depositions. (R. at 300-04, ECF No. 5.) He ordered Mr. Byrnes to pay attorney's fees and costs in the amount of $1,760.08 as a sanction for his conduct. (*Id.* at 303.) Mr. Byrnes promptly filed a motion to reconsider the protective order. (*Id.* at 311.) Judge Thuma entered an Opinion determining that the motion was baseless and a waste of time. (*Id.* at 333-44.) He warned Mr. Byrnes that he was "bordering on becoming a vexatious litigant." (*Id.* at 339.) Judge Thuma set forth Mr. Byrnes's "overly aggressive litigation tactics": "three appeals of interlocutory orders; numerous motions to reconsider; a motion to stay or continue hearing; two improper motions for default judgment; two jury demands for a core nondischargeability action; a motion to transfer this proceeding to the District Court; a motion to disqualify the presiding judge; and a motion to withdraw the reference." (R. at 340, ECF No. 5.) He noted that, as a retired lawyer, Mr. Byrnes appeared to be over-litigating the case on purpose to punish his estranged wife or coerce her into submission due to the brunt of attorney's fees and expenses. (*Id.*) Judge Thuma put Mr. Byrnes on notice that the Court would not tolerate vexatious litigation or disruptive, rude, and insulting courtroom behavior that, to date, the Court had tolerated. (*Id.* at 340-42.) Judge Thuma warned him that further disruptive, rude, or insulting behavior would be dealt with by a contempt hearing.

(*Id.* at 341.) Mr. Byrnes appealed the protective and sanctions order to the BAP, which it promptly dismissed as an improper interlocutory appeal. (*See id.* at 347-67, 379-381.)

After Judge Thuma set a pre-trial conference in the case, on November 10, 2021, Mr. Byrnes filed a motion to stay the pre-trial conference, challenging the Bankruptcy Court's jurisdiction over the remaining tort claims. (*Id.* at 406-10.) According to Mr. Byrnes, he served his part of the pretrial order using the Rule 16 form, but defense counsel informed him he had to use the Bankruptcy Court form. (*Id.* at 408.) Mr. Byrnes asserted that the pretrial conference should be stayed because the claims should be decided by a jury in the District Court. (*Id.* at 409-10.) In addition, Mr. Byrnes filed a motion with the District Court to set a date for a District Court pretrial conference on grounds that he was entitled to a jury trial on his defamation and intentional infliction of emotional distress claims. (*See id.* at 411-16.) Defendant then filed a motion to enter the defense pretrial order and a request for sanctions, up to dismissal of the case with prejudice, based on Mr. Byrnes's failure to cooperate in preparing a joint pretrial order and his pattern of contemptuous behavior. (*Id.* at 419-27.)

Meanwhile, in the No. 1:21-CV-00295 case, Magistrate Judge Jerry Ritter on November 10, 2021, entered his PFRD, recommending that the motion to withdraw the reference be denied without prejudice. (DNM 54, ECF No. 7.) In analyzing the motion, Judge Ritter considered Mr. Byrnes's request for a jury trial. (*Id.* at 59-61.) Judge Ritter noted that the defamation and IIED claims would not need to be tried before a jury to the extent that the case is a nondischargeability proceeding seeking equitable relief. (*Id.*) However, he declined to consider the issue at that time, explaining that the Bankruptcy Court retains jurisdiction over the pretrial proceedings, and the issue only needed to be decided when the threat of Seventh Amendment rights became concrete. (*See id.*) Judge Ritter recommended that the case stay in the Bankruptcy Court for pretrial

proceedings, and that when "the proceeding is ready for trial, Mr. Byrnes may refile his motion and the Court can determine which claims, if any, will be tried to a jury." (*Id.* at 60.)

Judge Thuma conducted a pretrial conference on November 15, 2021, after which he ordered briefing on the issue of the Court's jurisdiction to try count one, among other issues. (*See* R. 454-58, ECF No. 5.) In a February 16, 2022, Order, Judge Thuma ultimately concluded that Plaintiff timely refused to consent to the Bankruptcy Court trying his personal injury tort claims. (*Id.* at 597-99.) He sought input from the parties as to whether they preferred him to remand the claims to state court for trial or ask the District Court to withdraw the reference. (*Id.* at 598.)

Mr. Byrnes filed with the Tenth Circuit on February 16, 2022, a *Petition for a Writ of Mandamus/Prohibition to the United States District Court for the District of New Mexico*. (*Id.* at 602-41.) He sought an order, among other things, prohibiting Judge Thuma from requiring him to file a bankruptcy form pretrial order and from requiring him to appear at the bankruptcy pretrial conference, as well as an order mandating that the District Court assume jurisdiction over the personal injury tort claims and mandate a jury trial. (*Id.* at 626-27.) The Tenth Circuit denied his petition for the writ on April 7, 2022. (*Id.* at 741-43.)

According to 28 U.S.C. § 157(b)(5), personal injury tort claims "shall be tried in the district court in which the bankruptcy case is pending…." On March 11, 2022, Judge Thuma, adopted a narrow interpretation of "personal injury tort" and entered an Opinion and an Order ruling that the defamation claim was not a personal injury tort and that the Bankruptcy Court could try it. (R. 697-716, ECF No. 5.) As for the IIED claim, Judge Thuma concluded that it was based on the same alleged defamation, and it should remain in the Bankruptcy Court for trial. (*See id.*) He further noted that if the claims were "core," because they were brought as part of a nondischargeability proceeding (an issue to be decided later), then he would enter a final judgment.

(*Id.* at 712.) But if the claims were not "core," then Judge Thuma would instead enter proposed findings of fact and conclusions of law for review by the district court. (*Id.*) Finally, Judge Thuma stated he would schedule the claims for a bench trial, with sufficient intervening time for the district court to rule on Mr. Byrnes's motion for withdrawal of reference. (*Id.* at 713.)

In April 2022, the Honorable Kea W. Riggs entered a Memorandum Opinion and Order adopting Judge Ritter's PFRD, dismissing Mr. Byrnes's *Motion for Withdrawal of Reference* without prejudice, denying his motion to set a date for a district court pretrial conference, and denying his motion to stay the bankruptcy pretrial conference. (R. at 751-56, ECF No. 5.) She also entered a Final Judgment dismissing the action, 21-cv-00295, without prejudice. (*Id.* at 744.) Mr. Byrnes appealed Judge Riggs's decisions to the Tenth Circuit on April 27, 2022, (*id.* at 762-65), and on the same day he also filed a motion to reconsider Judge Riggs's ruling, (DNM 333, ECF No. 7). The Tenth Circuit promptly issued an Order abating the appeal pending the district court's disposition of the motion to reconsider. (*See id.* at 417; Order, 21cv295, ECF No. 49.)

In the meantime, Judge Thuma scheduled a pretrial conference, which had already been rescheduled once at Plaintiff's request. (R. at 792, ECF No. 5.) Judge Thuma held a final pretrial conference on May 13, 2022. (*Id.*; May 13, 2022, Hr'g Tr. 1, ECF No. 21 at 21 of 90.) At the pretrial conference, Judge Thuma noted that Mr. Byrnes called his office that morning and said he was not going to participate. (*See* May 13, 2022, Hr'g Tr. 2:23-25, ECF No. 21.) Judge Thuma asked if Mr. Byrnes was willing to participate in the pretrial conference in good faith, and Mr. Byrnes responded, "No," stating his belief that Judge Riggs dismissed the action, which he appealed, and that Judge Thuma was trying to conduct a bench trial on a dismissed case. (*Id.* at 2:23-3:12.) When Judge Thuma tried to explain that Judge Riggs only ruled on the motion to withdraw reference and had not ruled on the merits of the case, Mr. Byrnes replied, "Well, you're

not the … Tenth Circuit. You're just a bankruptcy judge." (*Id.* at 4:19-25.) Mr. Byrnes continued, "You're nobody." (*See id.* at 5:2; R. at 793, ECF No. 5.) Judge Thuma said he was going to sanction Mr. Byrnes $500 for his comments. (May 13, 2022, Hr'g Tr. 5:4-9, ECF No. 21.) Judge Thuma continued, "I'm going to ask you if you're going to participate in this pretrial conference in good faith. Because if you're not, I'm going to sanction you – and I might dismiss this proceeding as well as the sanction under Rule 16." (*Id.* at 5:9-13) Mr. Byrnes replied, "Judge, you can do what you want. I'm not participating. And if you're going to issue a sanction where – make sure that it's an appealable order." (*Id.* at 5:14-17.) Judge Thuma then asked defense counsel about his position on an appropriate sanction. (*Id.* at 5:21-6:16.) Defense counsel, Mark Pickett, requested dismissal of the case with prejudice. (*Id.* at 6:14-16.) Judge Thuma again asked Mr. Byrnes if he wanted to be heard on this point, to which Mr. Byrnes replied, "you heard me already, Judge." (*Id.* at 6:17-20.)

Next, Judge Thuma asked Mr. Pickett what he thought about attorney's fees. (*Id.* at 6:21-22.) Mr. Pickett requested an award of attorney's fees. (*Id.* at 6:23-7:3.) Judge Thuma suggested Mr. Pickett file an affidavit of attorney's fees "incurred in connection with this adversary proceeding," to "include the Tenth Circuit and the District Court proceedings." (*Id.* at 7:6-11.) When asked if there was anything else, Mr. Byrnes requested certification for immediate appeal of any order issued. (*Id.* at 7:14-22.)

On May 18, 2022, Mark Pickett submitted an affidavit stating he spent a total of 46.52 hours defending Ms. Byrnes in federal district court, federal bankruptcy court, and the BAP, discounting the time he spent on a motion for protective order for which attorney's fees had already been awarded. (R. at 767-72, ECF No. 5.) At his hourly rate of $225.00 and accounting for gross receipts tax, the total amount of fees he requested was $11,337.07. (*Id.* at 768.) Subsequently, Mr.

Pickett moved to correct the sanctions previously ordered arising from the protective order, from $1,760.08 to $1,584.07, upon realizing that he used his customary $250 hourly rate, rather than the $225 hourly rate applicable to this case. (*Id.* at 783-85.)

Mr. Byrnes moved to strike the affidavit for attorney's fees on May 23, 2022. (*Id.* at 773-82.) According to Mr. Byrnes, he "was unable to participate in the conference because the Count One tort claims are still subject to trial by jury," and he did not intend to waive his jury trial right. (*Id.* at 777.) Additionally, he moved to reconsider the order awarding prior sanctions arising from the protective order. (*Id.* at 786-89.)

On May 27, 2022, Judge Thuma entered an Opinion finding that, at the final pretrial conference, "Plaintiff refused to participate in good faith and stated that he would not participate in a trial," (*id.* at 790), and that Plaintiff's refusal to proceed prevented Judge Thuma from conducting the conference or setting the case for trial, (*id.* at 793). He additionally found that Plaintiff's prosecution of his case "has been in bad faith and constitutes vexatious and harassing litigation." (*Id.* at 791.) After considering the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), for determining whether the sanction of dismissal is appropriate, he concluded that the case should be dismissed with prejudice as a sanction under Rules 16(f) and 41(b). (R. at 791-800, ECF No. 5.) Judge Thuma determined that Mr. Byrnes's interpretation of Judge Riggs's ruling was not reasonable and was a pretext for refusing to try his case. (*Id.* at 796.) Based on the record, including evidence that a judgment against Ms. Byrnes would be uncollectible, Judge Thuma found that Mr. Byrnes wanted to litigate his case, rather than try it, as a means of harassing his wife and draining her of what little resources she had. (*Id.* at 796-97.) Based on Rule 16(f)(2) and the court's inherent contempt authority to prevent abusive litigation when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons, Judge Thuma

ordered Mr. Byrnes to pay Defendant's attorney's fees in the amount of $12,921.14. (*See id.* at 797-800.) The amount of attorney's fees accounted for the corrected billing rate previously identified by counsel (53.02 hours x $225 hourly rate + gross receipts tax). (*Id.* at 799.) The same day, Judge Thuma entered a Final Judgment dismissing the adversary proceeding with prejudice. (*Id.* at 802-03.)

Mr. Byrnes appealed Judge Thuma's Final Judgment to the District Court. (*Id.* at 821-24.) The appeal opened this case on June 6, 2022. (*Id.* at 825; Notice of Appeal, ECF No. 1-1.) This Court entered an order of referral to Magistrate Judge Gregory B. Wormuth to conduct hearings and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. (Order, ECF No. 2.) The parties filed their respective opening brief (ECF No. 13), response brief (ECF No. 17), and reply brief (ECF No. 18).

On December 19, 2022, in the No. 1:21-CV-00295 case, Judge Riggs entered an *Order Denying Plaintiff's Motion for Reconsideration*. Judge Riggs determined that the motion to reconsider was rendered moot by Judge Thuma's entry of final judgment in the adversary proceeding and Plaintiff's appeal of that final judgment. (*Byrnes v. Byrnes*, 21cv295, Order 1-3, ECF No. 62.) Alternatively, she concluded that motion to reconsider did not have merit in fact or law. (*Id.* at 3-8.) Two days later, the Tenth Circuit dismissed Mr. Byrnes's appeal of Judge Riggs's orders. *Byrnes v. Byrnes*, No. Civ. 22-2049, Order 5 (10th Cir. Dec. 21, 2022) (also found at *Byrnes v. Byrnes*, 1:21-cv-00295, Order, ECF No. 63). The Tenth Circuit explained that the order denying the motion to withdraw the reference, from which Mr. Byrnes appealed, "is an interlocutory, non-appealable order over which this court lacks appellate jurisdiction." *Id.* at 4.

Litigation in this case continued. Judge Wormuth subsequently ordered Appellant to show cause why his appeal should not be dismissed for failure to comply with applicable procedural

rules and with the Court's Order Setting Briefing Schedule. (Order 1-3, ECF No. 26.) Mr. Byrnes responded. (Resp, ECF No. 26.) After considering all three briefs, Judge Wormuth entered a PFRD on July 6, 2023, recommending this Court affirm the final judgment of the Bankruptcy Court. (PFRD 1, ECF No. 27.) Mr. Byrnes filed timely objections to the PFRD on July 13, 2023. (Obj., ECF No. 28.)

### III.    ANALYSIS

####    A.    Appellant's *Motion to Refuse Consideration of Defendant-Appellee's Memorandum (Document 29)* will be denied

Turning first to Appellant's motion to disregard Appellee's memorandum in support of the PFRD, the Court will deny the motion. A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Appellee filed her memorandum 15 days after Appellant filed his objections, so it was filed one day late. Nevertheless, the Court finds that delay did not prejudice Appellant and the one-day delay does not warrant striking the memorandum. As for Appellant's arguments that the memorandum does not respond to his specific objections, the Court finds that striking the memorandum is not the appropriate remedy.

####    B.    Appellant's Objections will be overruled

Before turning to Appellant's enumerated 20 objections, the Court will address Mr. Byrnes's separate argument concerning bias. Mr. Byrnes asserts that the issuance of Judge Wormuth's *Order to Show Cause* indicates that Judge Wormuth's PFRD is "tainted by bias and prejudice" and that Judge Wormuth "obviously intended to prevent plaintiff from appealing." (Obj. 24-25, ECF No. 28.) Judge Wormuth issued the *Order to Show Cause* regarding Appellant's failures to comply with the Court's *Order Setting Briefing Schedule* (ECF No. 10) and applicable procedural rules. (Order 1, ECF No. 25.) Judge Wormuth set forth the grounds for why Appellant had not followed the relevant rules and provided him an opportunity to respond as to why sanctions

should not be assessed. (*Id.* at 2-6.) After Appellant filed a response, Judge Wormuth did not thereafter impose any sanctions based on the procedural deficiencies he identified, and he considered the merits of Appellant's appeal.

The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). The test is whether a reasonable person, with knowledge of all relevant facts, would doubt the judge's impartiality. *Id.* A judge has an obligation not to recuse when there is no cause for him to do so. *Id.* Appellant failed to show that Judge Wormuth was impermissibly biased or prejudiced against him or that he prevented Appellant from appealing. Nor could Judge Wormuth's impartiality reasonably be questioned based on the record. Mr. Byrnes's objection based on bias is overruled. The Court will now address Appellant's enumerated objections.[1]

### Objection 1: Factual finding on lack of good faith participation

In his first objection, Mr. Byrnes contends that he never said that he was not prepared to participate in good faith in a properly scheduled pretrial conference. (Obj. 15, ECF No. 28.) The record cited above, however, shows that Mr. Byrnes expressly stated his refusal to participate in good faith in the pretrial conference set by Judge Thuma. Judge Thuma's factual finding that Plaintiff refused to participate in good faith at the pretrial conference is not clearly erroneous. The first objection is overruled.

### Objections 2, 3, and 6: Jurisdiction to enter order of dismissal and sanctions award

According to Appellant in his second, third, and sixth objections, Judge Thuma did not have jurisdiction over the tort claims or to enter the dismissal order and judgment. (Obj. 15-17) Mr. Byrnes asserts that Judge Thuma was divested of administrative control when he filed his

---

[1] The Court has grouped related objections together. Consequently, the Court's analysis of the objections is largely, but not entirely, in the numeric order as Mr. Byrnes presented them.

Tenth Circuit appeal. (Obj. 15-17, ECF No. 28.) He argues that at the time of the May 13, 2022, conference, he did not know how Judge Riggs would rule on the motion for reconsideration or what the Tenth Circuit would do on his appeal. (*Id.* at 17.) Mr. Byrnes argues that Magistrate Judge Wormuth erred in concluding that the transfer of jurisdiction to the Tenth Circuit never took place. (*Id.* at 15-17.) He further contends that Judge Thuma did not have jurisdiction because he is not an Article III judge and could only exercise administrative control over the tort claims until the district court withdrew its reference. (*Id.* at 16.)

Mr. Byrnes appealed Judge Riggs's Final Judgment in No. 1:21-CV-295 on April 27, 2022. At the time Judge Thuma held his final pretrial conference on May 13, 2022, the Tenth Circuit had issued an order abating the appeal pending Judge Riggs's disposition of the motion to reconsider, so the appeal was still pending. Nevertheless, despite the general rule that filing a notice of appeal divests the trial court of jurisdiction with respect to any matters involved in the appeal, Judge Wormuth relied in his ruling on the exception to that rule for jurisdictionally defective appeals, discussed in *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338 (10th Cir. 1976), and *In re Shannon*, 670 F.2d 904 (10th Cir. 1982). (PFRD 8, ECF No. 27.)

Under Tenth Circuit law, if "the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, *reference to a non-appealable order*, or otherwise, the district court may ignore it and proceed with the case." *Arthur Andersen*, 546 F.2d at 340-41 (italics added). "If the district court proceeds with the case under the mistaken belief that the notice of appeal is inoperative, the complaining party may seek relief from the court of appeals under 28 U.S.C. s 1651 and Rule 21, F.R.A.P." *Id.* at 341. When an appeal is jurisdictionally defective, appellate jurisdiction never transfers from the district court. *See In re Shannon*, 670 F.2d at 907.

As the Tenth Circuit explained in its order dismissing Mr. Byrnes's appeal, withdrawal of reference orders only involve the selection of the forum in which final decisions will ultimately be reached and do not end the litigation. *Byrnes v. Byrnes*, No. 22-2049, 2022 WL 19693003, at *2 (10th Cir. Dec. 21, 2002). Mr. Byrnes's appeal was "an interlocutory, non-appealable order" over which the Tenth Circuit lacked appellate jurisdiction. *Id.* Judge Wormuth was therefore correct that appellate jurisdiction never transferred to the Tenth Circuit, such that Judge Thuma was not divested of jurisdiction over the bankruptcy case by reason of Mr. Byrnes's appeal. Mr. Byrnes cites no authority to the contrary.

Mr. Byrnes nevertheless argues that Judge Wormuth did not consider his argument that Judge Thuma, as a bankruptcy judge, did not have jurisdiction over the tort claims. To the contrary, Judge Wormuth relied on the reasoning of Judge Riggs in adopting Judge Ritter's conclusions in the PFRD that the Bankruptcy Court should retain jurisdiction over pretrial proceedings for Mr. Byrnes's tort claims. (PFRD 10, ECF No. 27.) Judge Wormuth concluded that Judge Riggs thoroughly analyzed and settled that issue. (*Id.*) For the reasons given herein, the Court likewise concludes that Judge Thuma had jurisdiction to conduct pretrial proceedings, including a pretrial conference, on Mr. Byrnes's tort claims.

A federal district court has nonexclusive subject matter jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). District courts are authorized to refer such proceedings to bankruptcy court, which is a practice of this District. 28 U.S.C. § 157(a). A reference may be withdrawn where a defendant can show cause. *See* 28 U.S.C. § 157(d). Cause may be shown where a bankruptcy court lacks the constitutional authority to enter final judgments on the claims at issue or where the litigant has a Seventh Amendment right to a jury trial on claims brought against the defendant. *See Frictionless*

17

*World, LLC v. Frictionless*, LLC, No. 19-cv-03583-CMA, 2020 WL 8996615, at *1 (D. Colo. May 26, 2020). Nevertheless, even for matters that should be tried by a jury in a district court, pretrial matters, including the approval of a pretrial order, may be decided by the bankruptcy court. *Sigma Micro Corp. v. Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (holding that "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court" because "the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters," to include pretrial conferences); *Frictionless World*, 2020 WL 8996615 at *2 & n.2 (determining that, although final judgment must be entered by an Article III court, "withdrawing the automatic reference and remanding pretrial proceedings to the Bankruptcy Court is the most efficient, economical, and practical way of administering a case of this kind").

The order of reference remained in effect at the time Judge Thuma held his pretrial conference. Judge Riggs expressly denied Mr. Byrnes's motion to stay the pre-trial conference. Judge Thuma had jurisdiction to proceed with the pretrial conference. He likewise had jurisdiction to enter the order of dismissal and the attorney's fees sanction. Notably, Mr. Byrnes did not follow the procedure available to him if he believed Judge Thuma was acting without jurisdiction – seeking a writ under 28 U.S.C. § 1651 or FRAP Rule 21. Instead, he refused to participate in the bankruptcy court pretrial proceeding that Judge Thuma had the jurisdictional authority to conduct. For the foregoing reasons, Mr. Byrnes's second, third, and sixth objections are overruled.

## **Objections 5, 8, 9, 10, 11, 12, 13, and 14: Order dismissing the case**

Mr. Byrnes makes numerous objections regarding Judge Thuma's order of dismissal of the case. Turning to his fifth objection, Mr. Byrnes challenges Judge Thuma's legal right to deny Plaintiff's right to a jury trial, arguing that as a bankruptcy judge, he could submit findings of fact

and conclusions of the law, but only the district court could dismiss the case. (*See* Obj. 17-18, ECF No. 28.)

"A bankruptcy court has statutory authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 420-21 (2014) (quoting 11 U.S.C. § 105(a)). A bankruptcy court has both the statutory authority and inherent powers to issue sanctions orders against a party for conduct abusive of the judicial system. *See id.*; *In re Thomas*, 397 B.R. 545, 2008 WL 4570267, at *4 (10th Cir. BAP Oct. 14, 2008); *In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084, 1089 (10th Cir. 1994). Because Judge Thuma had jurisdiction over the case at the time he imposed the sanction of dismissal, Judge Thuma had the legal right to dismiss the case without infringing on Mr. Byrnes's Seventh Amendment right to a jury trial if the sanctions ruling was properly imposed. *See Richardson v. Safeway, Inc.*, 109 F. App'x 275, 2004 WL 1950456, at *3 (10th Cir. Sept. 3, 2004) ("a district court's discretionary authority to dismiss an action under Rule 41(b) is not limited by a party's right to a jury trial under the Seventh Amendment, as it is axiomatic that a party does not have a right to a jury trial if a dismissal sanction is properly imposed"). As discussed *infra*, because the Court finds no error in the imposition of dismissal as a sanction, Appellant had no right to a jury trial. The Court thus overrules Mr. Byrnes's fifth objection.

Judge Thuma dismissed the underlying case based on Rules 16(f) and 41(b). Federal Rule of Civil Procedure 16(f) permits a court on its own motion to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" if a party fails to appear at a pretrial conference, does not participate in good faith, or fails to obey a pretrial order. Fed. R. Civ. P. 16(f)(1). Rule 37(b)(2)(A)(v) allows for the dismissal of an action in whole or in part. Fed. R. Civ. P.

37(b)(2)(A)(v). Rule 41(b) provides that if a plaintiff fails to comply with the rules or a court order, a defendant may move to dismiss the action. Fed. R. Civ. P. 41(b).

Dismissal with prejudice is a sanction of last resort. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). While the rules permit dismissal as a sanction, due process requires that dismissal is based on willfulness, bad faith, or some fault of the petitioner. *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995). Willfulness is an intentional act or failure, as distinguished from involuntary noncompliance. *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872-73 (10th Cir. 1987). When the court imposes a sanction, it must be just and related to the particular claim that was at issue in the order the party failed to obey. *See Ehrenhaus*, 965 F.2d at 920. A court must consider the following facts in determining whether dismissal is appropriate as a sanction: "the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance; and (5) the efficacy of lesser sanctions." *Archibeque*, 70 F.3d at 1174 (quoting *Ehrenhaus*, 965 F.2d at 921). *See also Gripe*, 312 F.3d at 1188 (explaining that dismissals under Rules 41(b), 16(f) and 37(b)(2)(C) should be determined using *Ehrenhaus* criteria). Dismissal is only proper when the aggravating factors outweigh the strong predisposition to resolve cases on the merits. *Ehrenhaus*, 965 F.2d at 921.

In his eighth objection, Appellant argues that Judge Wormuth wrongfully concluded that the abuse-of-discretion standard applied in his review of the *Ehrenhaus* factors. (*Id.* at 18.) Judge Wormuth, however, did not err in applying the abuse-of-discretion standard in his review of the imposition of dismissal as a sanction. *See In re BCB Contracting Services, LLC*, BAP No. AZ-21-1254-BSF, 2022 WL 1198232, at *4 (9th Cir. BAP Apr. 21, 2022) (reviewing award of sanctions

by bankruptcy court for abuse of discretion); *see also* cases cited *supra* (discretionary decisions are reviewed for abuse of discretion). The Court thus overrules Appellant's eighth objection.

With respect to his ninth objection, Mr. Byrnes argues that Judge Wormuth erred in concluding that Mr. Byrnes filed his tort claims in bad faith and erred in relying on conjectures about Mr. Byrnes's motives for asserting the claims against his wife that had no support in the record. Instead, Mr. Byrnes contends that the credible evidence shows that he is litigating in good faith. As support, he contends that the state court judge found no basis to dismiss the tort claims, that defense counsel never moved to dismiss those claims, and that he was merely trying to exercise his right to a trial by jury. (Obj. 18-19, ECF No. 28.)

A factual finding of bad faith will be overturned if clearly erroneous. *In re BCB Contracting Services*, 2022 WL 1198232 at *4. "A factual finding is clearly erroneous if it is illogical, implausible, or without support in the record." *Id.* Judge Thuma's factual findings regarding Mr. Byrnes's vexatious and bad faith litigation were not based on analyzing the merits of the underlying tort claims, but rather by considering the manner in which Mr. Byrnes carried out his litigation. (*See* Opinion 5-8, ECF No. 5 at 794-97 of 882.) The record contains evidentiary support for the finding that Mr. Byrnes filed numerous frivolous motions and numerous frivolous appeals that unnecessarily increased the costs of defending the case, draining his wife of what little financial resources she had without the prospect of a collectible judgment. The record also shows that Mr. Byrnes refused to proceed with the pretrial conference in good faith. Judge Riggs had already denied Mr. Byrnes's request to stay the pretrial conference in the Bankruptcy Court. The district court's orders made plain that Mr. Byrnes was to proceed with the pretrial conference, but he could move again to withdraw the order of reference when the case was fully ready for trial. Judge Thuma attempted to explain why Mr. Byrnes was not correct in his interpretation of Judge

Riggs's order. Mr. Byrnes, however, ignored Judge Thuma's explanations and instead acted in a disrespectful manner, saying to Judge Thuma that he was "just a bankruptcy judge" and a "nobody." (May 13, 2022, Hr'g Tr. 4:19-2:2, ECF No. 21.)

Judge Wormuth applied the correct clearly erroneous standard in analyzing the factual findings as to the third *Ehrenhaus* factor: "The record is replete with examples of Mr. Byrnes's aggressive litigation tactics and contumacious and disrespectful behavior toward opposing counsel and the court, so the undersigned finds that the Bankruptcy Judge's analysis of this point is not clearly erroneous." (PFRD 15, ECF No. 27.) Contrary to Mr. Byrnes's argument, Judge Wormuth's finding that Mr. Byrnes's behavior at the January 11, 2021, scheduling conference was disrespectful is amply supported by the record, as described *supra*. This Court agrees that Judge Thuma's factual findings concerning Mr. Byrnes's bad faith in conducting vexatious litigation are logical, plausible, with support in the record, and thus, not clearly erroneous. Evidence in the record also shows that Mr. Byrnes was a retired lawyer, and as such, he knew or should have known courtroom procedural rules, expectations for courtroom behavior, and the sanctionable consequences of bad faith conduct. Judge Thuma's finding of culpability is likewise not clearly erroneous.

Mr. Byrnes additionally argues that Judge Wormuth "has no justification for saying Plaintiff acted in 'bad faith' because he refused to obey the bankruptcy judge's unlawful orders." (Obj. 19, ECF No. 28.) As an initial matter, for the reasons given above, Judge Thuma did not act unlawfully in scheduling and conducting the pretrial conference. To the extent Plaintiff disagreed with setting a non-jury trial date, Plaintiff had other options at his disposal, including filing a second motion to withdraw the order of reference, a step Judge Ritter specifically discussed in his PFRD, which Judge Riggs adopted. (DNM 60, ECF No. 7 ("When the proceeding is ready for

trial, Mr. Byrnes may refile his motion and the Court can determine which claims, if any, will be tried to a jury"); R. at 751-56, ECF No. 5.) Instead, Mr. Byrnes disrespected Judge Thuma and refused to participate in the pretrial conference in good faith in violation of Rule 16(f). Judge Thuma's conclusion is therefore correct that Plaintiff acted in bad faith in refusing to participate in the pretrial conference. For the foregoing reasons, the Court overrules Mr. Byrnes's ninth objection.

With respect to his tenth objection, Mr. Byrnes objects to the finding that he interfered with the judicial process by failing to prepare a pretrial order. (Obj. 21, ECF No. 28.) According to Mr. Byrnes, he provided a pretrial order on the district court form and there was no order requiring him to submit a specific form of pretrial order before the May 13, 2022, conference. (*See* Obj. 19, ECF No. 28.) Contrary to Mr. Byrnes's assertion, Judge Thuma had ordered the parties to use the bankruptcy form for the pretrial order. On March 12, 2021, Judge Thuma ordered Plaintiff to submit a consolidated pretrial order by November 12, 2021, "in the form of, and include the information set forth in, the sample pretrial order on the Court's web page." (Case 20-01070-t, ECF No. 37.) At that time, Mr. Byrnes refused to use the bankruptcy pretrial order form, prompting Ms. Byrnes to file a motion for sanctions. (Case 20-01070-t, ECF No. 123.) Subsequently, on January 28, 2022, Judge Thuma rescheduled the final pretrial conference for March 14, 2022, and in the *Order Setting Deadlines and Final Pretrial Conference*, he ordered Plaintiff to submit by March 11, 2022, the consolidated pretrial order "in the form of, and include the information set forth in, the sample pretrial order posted on the judges' General Procedures page of the Court's website: www.nmb.uscourts.gov." (Order 1, ECF No. 5 at 573 of 882.) Judge Thuma warned in the same order that the failure to comply with the order may result in dismissal of the action, default, or imposition of costs and attorney's fees. (*Id.* at 2.)

Mr. Byrnes does not argue that he submitted a pretrial order in accordance with the bankruptcy court form; instead, he continues to assert that he had the right to use a district court form because he had a right to a jury trial. (*See* Obj. 19, ECF No. 28.) Mr. Byrnes violated a clear order of Judge Thuma to submit a consolidated pretrial order using the bankruptcy court's form, and Judge Thuma therefore did not clearly err in finding that Plaintiff did not comply with the Court's order to use the bankruptcy court's form. (Opinion 6, ECF No. 5 at 795 of 882.) Appellant's tenth objection is overruled.

In his eleventh objection, Mr. Byrnes asserts that he was not responsible for delays that occurred in the case. (Obj. 21, ECF No. 28.) This statement may be directed to Judge Wormuth's analysis in the PFRD whereby he noted that Mr. Byrnes did not explain how his refusal to prepare a pretrial order or participate in the final pretrial conference could not have had the effect of delaying trial. (PFRD 16, ECF No. 27.) This finding and analysis was not erroneous. The Court overrules Appellant's eleventh objection.

Twelfth, Mr. Byrnes argues that the Bankruptcy Court did not give him advance notice the tort claims would be dismissed if Plaintiff did not submit any specific form of pretrial order. (Obj. 22, ECF No. 28.) Judge Thuma, however, specifically warned in his *Order Setting Deadlines and Final Pretrial Conference* that the failure to comply with the order, which included using the bankruptcy court's form for the pretrial order, might result in dismissal of the action, default, or imposition of costs and attorney's fees. (Order 1-2, ECF No. 5 at 573-74 of 882.) The Court overrules Objection Twelve.

As for his thirteenth objection, Mr. Byrnes contends he did not refuse to take his tort claims to trial, but he objected to setting dates for a non-jury trial on the tort claims. (Obj. 22, ECF No. 28.) Judge Thuma found that Mr. Byrnes refused to participate in the pretrial conference and to

proceed to trial and that Mr. Byrnes gave frivolous reasons for not proceeding (saying that Judge Riggs dismissed the proceeding by denying the motion to withdraw reference). (*See* Opinion 6-7, ECF No. 5 at 796 of 882.) Judge Thuma believed that Mr. Byrnes's frivolous argument was so lacking in reason that it was really a pretext for refusing to try his case, indicating that he only wanted to litigate the case, not try it. (*Id.* at 7.) Judge Thuma's findings are logical, plausible, and have support in the record, and thus, they were not clearly erroneous. Appellant's thirteenth objection is overruled.

As for his fourteenth objection, Mr. Byrnes argues that Judge Thuma did not properly rely on Rule 41(b) to dismiss because only a defendant may move to dismiss the action, and defense counsel "did not file a motion to dismiss" under Rule 41(b). (Obj. 22, ECF No. 28.) At the May 13, 2022, pretrial conference, Judge Thuma asked defense counsel about his position on an appropriate sanction for Mr. Byrnes's refusal to participate in the pretrial conference, and defense counsel responded that he requested the case be dismissed with prejudice. (May 13, 2022, Hr'g Tr. 5:9-6:16, ECF No. 21.) Defense counsel's verbal request for dismissal with prejudice as a sanction satisfies Rule 41(b). Judge Thuma did not err in relying on Rule 41(b) in imposing sanctions. The Court therefore overrules Objection 14.

### Objections 7, 15, 16, 17, 18, 20: Monetary award of attorney's fees

The next set of objections concern Appellant's claims of error as to the monetary judgment Judge Thuma imposed.

In his seventh objection, Mr. Byrnes contends that the Bankruptcy Court abused its discretion in awarding the monetary judgment because Plaintiff did not act in bad faith in not consenting to set a date for a non-jury trial of the tort claims. (*See* Obj. 18, ECF No. 28.) For the

reasons given *supra*, the Court disagrees that Mr. Byrnes acted in good faith in refusing to participate in the pretrial conference and overrules his seventh objection.

As for his fifteenth, sixteenth, and twentieth objections, Mr. Byrnes asserts Judge Thuma erred in imposing legal fees for punitive, not remedial purposes, and without a nexus between the alleged non-compliance with Rule 16 and the amount of expenses awarded. (*See* Obj. 22, 24, ECF No. 28.) According to Mr. Byrnes, Judge Thuma abused his discretion in awarding attorney's fees for time spent on litigation activities that took place before May 13, 2022, because they were not the byproduct of his alleged bad faith refusal to set dates for a non-jury trial. (*See id.*)

"Sanctions under Rule 16(f) and Rule 37(b)(2) must be in the interests of justice and proportional to the specific violation of the rules." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996). The amount of the sanction should depend on the seriousness of the violation and who is at fault. *Id.* (quoting *Turnbull v. Wilcken*, 893 F.2d 256, 259 (10th Cir. 1990)). "The district court's discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and 'related to the particular 'claim' which was at issue in the order to provide discovery.'" *Ehrenhaus*, 965 F.2d at 920-21 (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). Where a party willfully disobeyed a court order, a court may assess attorney's fees as a sanction, up to and including the entire cost of the litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

Judge Thuma found three reasons to impose monetary sanctions in the amount Ms. Byrnes spent on attorney's fees in the case following removal: (1) his disrespectful behavior to the Court throughout the proceedings; (2) wasting the Court's and Defendant's time at the final pretrial conference by refusing to confer in good faith for pretextual reasons; and (3) his bad faith, vexatious, wanton, harassing, and oppressive litigation tactics throughout the case that were

designed to increase costs on his estranged wife. (*See* Opinion 10, ECF No. 5 at 799 of 882.) Judge Thuma's factual findings had support in the record, including his finding of bad faith, and were not clearly erroneous. Nor was the imposition of the sanction an abuse of discretion given his finding that Mr. Byrnes's litigation throughout the case was abusive and designed to increase Ms. Byrnes's litigation costs to punish his estranged wife. That finding provided the necessary nexus for the sanctions amount for the entire litigation costs, which comported with compensating Ms. Byrnes for the losses she sustained in defending the bad faith litigation throughout the case. *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 110-11 (2017) (explaining that court may shift all a party's fees as a sanction in exceptional cases where the sanctioned party's entire course of conduct was in bad faith). Appellant's fifteenth, sixteenth, and twentieth objections are overruled.

In his seventeenth objection, Mr. Byrnes asserts that he did not interfere with the Bankruptcy Court's ability to manage discovery. (Obj. 23, ECF No. 28.) Judge Thuma's dismissal order and sanctions award were based on the vexatious and numerous frivolous motions, petitions, and appeals, as well as Mr. Byrnes's interference with the judicial process by willfully failing to participate in good faith at the pretrial conference to move the case forward. (Opinion 5-6, ECF No. 5 at 794-95 of 882.) As discussed *supra*, those findings and conclusions were supported in the record and not erroneous. Additionally, in support of his seventeenth objection, Mr. Byrnes asserts that defense counsel improperly moved for sanctions regarding the scheduling of depositions. (*See* Obj. 23, ECF No. 28.) To the extent Mr. Byrnes is attempting to relitigate the basis for the entry by Judge Thuma of the July 20, 2021, *Protective and Sanctions Order* following Mr. Byrnes's failure to follow the procedural rules for issuing witness subpoenas and scheduling depositions, (R. at 300-04, ECF No. 5), the objection has no merit.  Judge Thuma superseded the July 20, 2021,

sanctions order when he entered the money judgment for Ms. Byrnes's entire litigation costs, and in doing so, he corrected the error that used the $250/hour rate instead of the $225/hour rate. (*See* Opinion 10 & n.11, ECF No. 5 at 799 of 882.) For all the foregoing reasons, the Court overrules Objection 17.

Turning to his eighteenth objection, Mr. Byrnes asserts that Judge Thuma improperly imposed the monetary judgment without a hearing that gave Mr. Byrnes an opportunity to challenge the reasonableness of the lawyer's hourly rate and the time spent on litigation activities. (Obj. 23-24, ECF No. 28.) He cites *Braley v. Campbell*, 832 F.2d 1504 (10th Cir. 1987), for the argument that the Bankruptcy Court did not allow him the right to challenge these issues. In *Braley*, however, the Tenth Circuit explained that due process requires that, before imposing sanctions, the party have notice that such sanctions are being considered by the court and a subsequent opportunity to respond. *Id.* at 1514. The opportunity to respond does not require a hearing, but it may be satisfied with the chance to file a responsive brief. *See id.* at 1514-15.

Here, Judge Thuma gave Mr. Byrnes notice at the May 13, 2022, pretrial conference that he was considering the imposition of dismissal and attorney's fees as a sanction. (*See* May 13, 2022, Hr'g Tr. 5:11-7:6, ECF No. 21, ECF No. 25-27 of 90.) After Mr. Pickett requested an award of attorney's fees, Judge Thuma suggested Mr. Pickett file an affidavit of attorney's fees "incurred in connection with this adversary proceeding," to "include the Tenth Circuit and the District Court proceedings." (*Id.* at 6:23-7:11.) Judge Thuma asked if there was anything else, providing Mr. Byrnes a chance to respond, and Mr. Byrnes requested certification for immediate appeal of any order issued. (*Id.* at 7:14-22.) Thereafter, defense counsel submitted his affidavit for attorney's fees. (R. at 767-72, ECF No. 5.) On May 23, 2022, Mr. Byrnes moved to strike the affidavit, providing arguments as to why the hourly rate was unjustified and why the amount requested was

not supported by the record. (*See* R. at 773-82.) Subsequently, Judge Thuma entered his order of dismissal and for sanctions. (*See* R. at 790-803.) The Court therefore finds that Mr. Byrnes had the requisite notice and opportunity to respond, and it will overrule Objection 18.[2]

Although not an enumerated objection, Mr. Byrnes relatedly asserts that Judge Wormuth ignored that defense counsel filed a false affidavit regarding his hourly billing rate and that his internal accounting records do not support the judgment awarded. (*See* Obj. 4, ECF No. 28.) Contrary to Appellant's contention, Judge Wormuth considered defense counsel's initial error in his hourly rate, and he determined that Judge Thuma's monetary judgment superseded the prior sanctions order and used the correct rate. (*See* PFRD 25 & n.10, ECF No. 27.) Judge Wormuth also concluded that affidavits supported the reasonableness of the monetary judgment. (*Id.* at 25-28.) This Court agrees with Judge Wormuth that Judge Thuma's findings concerning the amount for the award were not clearly erroneous.

### Objection 4: Dismissal and monetary judgment

Finally, in his fourth objection, Mr. Byrnes argues generally that Judge Thuma erred in dismissing the case and in issuing a judgment that compensated his wife for her legal fees. (*See* Obj. 17, ECF No. 28.) For all the foregoing reasons, the Court concludes that Judge Thuma's factual findings were not clearly erroneous and that his discretionary decisions did not abuse his discretion. He did not commit error in dismissing the tort claims with prejudice and issuing a monetary judgment against him for attorney's fees for $12,921.14. Consequently, Appellant's fourth objection is overruled.

---

[2] Mr. Byrnes's enumerated objections skip from 18 to 20, so there is no enumerated nineteenth objection to address. (*See* Obj. 23-24, ECF No. 28.)

**IT IS THEREFORE ORDERED** that

1. Mr. Byrnes's *Motion to Refuse Consideration of Defendant-Appellee's Memorandum (Document 29)* (**ECF No. 30**) is **DENIED**.

2. Appellant Byrnes's *Objections to Proposed Findings and Recommended Disposition* (**ECF No. 28**) are all **OVERRULED**.

3. The United States Magistrate Judge's *Proposed Findings and Recommended Disposition* (**ECF No. 27**) as to Appellant's Bankruptcy Appeal is **adopted** by the Court.

4. The decision of the United States Bankruptcy Court dismissing with prejudice the proceeding and its judgment in favor of Sylvia Byrnes against Barry J. Byrnes for $12,921.14 is **affirmed**.

5. This civil proceeding is **dismissed with prejudice** and a final order will be entered concurrently with this order.

_____
SENIOR UNITED STATES DISTRICT JUDGE